(No. 61644.—)

HELEN C. BRUMMETT, Appellee, v. WEPFER
MARINE, INC., Appellant.

*Opinion filed February 21, 1986.—Rehearing
denied April 1, 1986.*

Raymond L. Massey and William R. Bay, of Thompson & Mitchell, of Belleville, for appellant.

L. Thomas Lakin, Dennis F. Nalick and Gordon E. Maag, of Lakin & Herndon, P.C., of East Alton, for appellee.

JUSTICE SIMON delivered the opinion of the court:

Did the trial judge abuse his discretion in denying a defendant's motion to decline a response on *forum non conveniens* grounds to an action under the Merchant Seamen Act as amended, commonly known as the Jones Act (46 U.S.C. sec. 688 *et seq.* (1982)), filed in the county in this State where the injury was suffered when both the plaintiff and the defendant reside in another State?

Plaintiff, Helen C. Brummett, a resident of Tennessee and employed as a cook by defendant, Wepfer Marine, Inc., on its motor vessel *Charlie Shoaf*, filed an action in the circuit court of Madison County alleging that she fell and was injured while working aboard the vessel. At the time she suffered her injury, the plaintiff claims and the defendant concedes for the purpose of this appeal, the *Charlie Shoaf* was at Lock Number 26 on the Mississippi River near Alton in Madison County, Illinois.

Upon denial of its motion to decline jurisdiction, the defendant petitioned the appellate court for leave to ap-

peal pursuant to our Rule 306 (94 Ill. 2d R. 306). When that petition was denied, the defendant appealed to this court under our Rule 315 (94 Ill. 2d R. 315), and its petition for leave to appeal was allowed.

While conceding that jurisdiction and venue are proper in Madison County, the defendant contends that the circuit judge abused his discretion in denying its motion to decline jurisdiction because Madison County is not a convenient forum in which to litigate the plaintiff's claim. Its position is that either a State or Federal court in Tennessee is the convenient forum for the following reasons: both plaintiff and defendant are residents of Tennessee; defendant, a Tennessee corporation, has no place of business in Illinois; eight of the nine crew members at the time of the accident were residents of Tennessee, and the ninth was a resident of Florida; all records regarding movement of the vessel are in Tennessee; the plaintiff entered into the defendant's employment in Tennessee, and all of her employment records, including expenses incurred in treating the plaintiff's injury, are in Tennessee; all physicians who treated the plaintiff practice and reside in Tennessee; and the time lapse between the filing date and the date of verdict in Madison County in the five calendar years preceding the accident was at least 31.9 months. These facts are undisputed by the plaintiff.

The benchmark case for application of the doctrine of *forum non conveniens* in both Federal and State courts is *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839. The admonition in that case that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed" has been frequently repeated by this court when a defendant has sought to defeat the situs of the action in this State on grounds of *forum non conveniens*. (*Moore v. Chicago & North Western Transportation Co.*

(1983), 99 Ill. 2d 73, 77; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 366; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 377; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 118-19; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 110-11; *Cotton v. Louisville & Nashville R.R. Co.* (1958), 14 Ill. 2d 144, 166.) Although in *Gulf Oil* the court enumerated factors involving both the private interest of the litigants and the public interest of the chosen forum to be considered in weighing the balance and determining whether the trial court abused its discretion (*Lonergan v. Crucible Steel Co. of America* (1967), 37 Ill. 2d 599, 606), it made no attempt to state what weight would be given to any specific factor. In *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 249-50, 70 L. Ed. 2d 419, 432, 102 S. Ct. 252, 263, the court explained that "[i]f central emphasis were placed on any one factor, the *forum non conveniens* doctrine would lose much of the very flexibility that makes it so valuable." However, the court also declared in *Piper Aircraft* that when the plaintiff chooses his home forum it is reasonable to assume that the chosen forum is convenient. 454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266.

The plaintiff's choice of forum should be entitled to no less deference when in a tort action he chooses the situs of the injury rather than the forum of his residence. (*Cf. Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359 (plaintiff's choice of forum is entitled to less deference where plaintiff is not a resident of the forum State and the forum State is not the situs of the injury).) The factual connection to the forum is as great, perhaps greater, when the plaintiff chooses the forum where an accident occurred as when he chooses his place of residence. Moreover, Illinois has an interest in protecting persons and property within the State from un-

safe practices and conditions; the State should therefore provide a forum in which persons, no matter where they reside, can seek compensation for injuries suffered in Illinois. From that standpoint, the public interest factor in the plaintiff's choice of Madison County is amply satisfied and consistent with the public interest factor announced in *Gulf Oil* and by this court in numerous cases. The fact that the injury was suffered in Madison County gives the plaintiff's claim the aspect, as the court put it in *Gulf Oil*, of a localized controversy with a local interest in having the controversy "decided at home." *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 509, 91 L. Ed. 2d 1055, 1063, 67 S. Ct. 839, 843.

This principle is consonant with the doctrinal development of *forum non conveniens* in Illinois. In *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514, this court pointed out that *"[f]orum non conveniens* is a doctrine that is founded in considerations of fundamental fairness and sensible and effective judicial administration."* This observation was repeated recently in *Wieser v. Missouri Pacific R.R.* (1983), 98 Ill. 2d 359, 365. There is clearly an overriding element of essential fairness in condoning the choice by an injured party of the forum in which the injury was suffered. It also makes for sensible and effective judicial administration for a claim to be pursued in the forum where it arose. Where the plaintiff files his claim at the situs of his injury there is a clear nexus with the forum, and the plaintiff cannot be charged with forum shopping. See *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 120-21.

Thus, in those cases where the court has concluded that Illinois did not provide the most convenient forum, the court also pointed out that the cause of action did not arise, and injury was not suffered, in Illinois. (See *Foster v. Chicago & North Western Transportation Co.*

(1984), 102 Ill. 2d 378, 385 ("case at bar should be tried in a forum with a greater connection to the *** occurrence that forms the gravamen of the complaint"); *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 81 ("[case should not] be tried in [a] county when it has no significant factual connections to that county"); *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 371 ("If Illinois had any connection with the litigation such as *** the situs of the accident ***, it would have had an interest in providing a forum in which to resolve the dispute"); *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 377 ("there is no tort until there is an injury, and any alleged injuries occurred in the United Kingdom"); *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 121 ("injury occurred in Michigan more than 500 miles from the present forum"); *People ex rel. Champagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 116 ("the circuit court of Cook County is a distant, uninvolved *** forum in relation to *** incidents that occurred thousands of miles from Illinois"); *Whitney v. Madden* (1948), 400 Ill. 185, 190 ("the trial court had before it a complaint for libel showing that the cause of action, if any, arose out of a transaction which occurred outside the State of Illinois"); see also *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 509, 91 L. Ed. 1055, 1063, 67 S. Ct. 839, 843 ("The plaintiff himself is not a resident of New York, nor did any event connected with the case take place there").) The fact that the plaintiff here was injured in Madison County gives this case a significant factual connection with the forum plaintiff has chosen.

Cases have arisen under the Jones Act where the parties and witnesses were foreign and the action was dismissed on grounds of *forum non conveniens* although injury had been suffered within United States territorial waters. (See *Koupetoris v. Konkar Intrepid Corp.* (2d

Cir. 1976), 535 F.2d 1392; *Yohanes v. Ayers Steamship Co.* (5th Cir. 1971), 451 F.2d 349; *Xerakis v. Greek Line, Inc.* (E.D. Pa. 1974), 382 F. Supp. 774.) But in each of those cases, prosecution of plaintiffs' claims in the United States was of far greater inconvenience to those defendants than that suffered by the defendant in this case. The defendant here is not exposed to the difficulty and expense of defending a lawsuit overseas and in a foreign language. We have also considered precedent from New York State suggesting that *forum non conveniens* applies to dismiss cases where the only connection to the forum is the situs of the actionable injury (see, *e.g., Martin v. Mieth* (1974), 35 N.Y.2d 414, 321 N.E.2d 777, 362 N.Y.S.2d 853, 92 A.L.R.3d 792), but we find such precedent unpersuasive. Each case raising doubt as to the convenience of the forum must be judged on its own merits (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 364), and to the extent *Martin v. Mieth* regards as *de minimis* the interest of the forum State in preventing unnecessary injury within that State, we disagree.

Although a backlog of cases exists on the docket of the Madison County circuit court, the fact that the plaintiff was injured in Madison County gives Illinois an interest in the outcome of the controversy sufficient to overcome the public interest in a less engaged court calendar. Generally, courts have refused to consider the relative difference between the dockets of the forum court and other, more convenient courts; in *Fender v. St. Louis Southwestern Ry. Co.* (1971), 49 Ill. 2d 1, 5, the court stated that the trial backlog statistics of the out-of-State court which the defendant argued was the convenient one should be of no concern to the Illinois court. However each time this court, in applying the doctrine of *forum non conveniens,* has focused upon the crowded calendar of the Illinois courts, the plaintiff was a nonres-

ident who suffered an injury outside Illinois and for that reason his cause was dismissed. Where the plaintiff's cause of action is as directly connected to an Illinois forum as in this case, it is appropriate to consider not only whether this case will unduly burden already overcrowded courts of the Illinois forum chosen, but also whether the case could be tried more promptly in the forum which the defendant contends is the more convenient one. (See *Lonergan v. Crucible Steel Co. of America* (1967), 37 Ill. 2d 599, 606; *Cotton v. Louisville & Nashville R.R. Co.* (1958), 14 Ill. 2d 144, 170.) Courts should be extremely reluctant to dismiss a case from the *forum rei gestae* merely because that forum's docket has a backlog; and this factor is entitled to almost no weight without evidence to show that the court calendar in another forum would resolve the dispute more expeditiously.

Although the defendant suggests, as noted above, that either State courts or United States district courts in Tennessee would be more convenient forums, it has offered no evidence as to the condition of the dockets of those courts, and as to whether had plaintiff instituted an action in those forums, she would have met with the same backlog as the defendant contends exists in Madison County. Therefore, we do not in these circumstances regard the defendant's argument based upon the trial backlog in Madison County as a decisive or even persuasive factor.

Whether the forum chosen is a convenient one is a matter for the discretion of the trial court. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 77; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 119.) The responsibility of a reviewing court does not encompass determining whether the trial judge exercised his discretion wisely (*Fender v. St. Louis Southwestern Ry. Co.* (1971), 49 Ill. 2d 1, 4),

but only whether it has been abused. Based on the public interest factors to which we have directed our attention, and without consideration of the private interest factors presented here, we conclude that the trial court did not abuse its discretion in denying dismissal of the action.

Even the private interests involved here do not point to a contrary conclusion. While none of the witnesses defendant represents it will call are residents of Illinois, many of them were employees of the defendant at the time of plaintiff's injury. Absent representations to the contrary, we must assume that they are still in the defendant's employ and could be produced by the defendant if it chose to do so at the place of trial in Madison County. Moreover, these employees are not permanently stationed in Tennessee; rather they travel up and down the Mississippi River on the defendant's motor vessel. There is therefore no reason to believe that they would be present in Tennessee at the time of trial unless the defendant scheduled the motor vessel to be in Tennessee at that time. We see no reason why the *Charlie Shoaf* could not similarly be scheduled to be in Madison County at the time of trial. The same considerations apply to having the vessel at the Alton locks at the time of trial in Madison County so that, if appropriate to do so, the trier of fact can view the place where the accident occurred.

This leaves only the records of plaintiff's employment with defendant and the physicians who treated the plaintiff and who reside and practice in Tennessee and are not subject to process to compel their attendance at a trial in Madison County. Nothing in the record suggests that documents related to plaintiff's employment are so voluminous as to impede the defense in this forum. In any event, the trial judge did not abuse his discretion when he concluded that these considerations did not outweigh the others discussed above. The balance here

clearly does not strongly favor the defendant. *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 77.

The judgment of the circuit court of Madison County denying the defendant's *forum non conveniens* motion is affirmed.

*Judgment affirmed.*