(No. 61320.—

TIMOTHY T. MEYERS, Appellee, v. BRIDGEPORT MACHINES DIVISION OF TEXTRON, INC., Appellant.

*Opinion filed June 20, 1986.—Rehearing denied September 26, 1986.*

RYAN and MORAN, JJ., dissenting.

Slovacek & Slovacek, P.C., of Crystal Lake (Elmer F. Slovacek, of counsel), for appellant.

Roger J. Boylan, Herbert F. Stride, Ltd., and William J. Harte, Ltd., of Chicago (Herbert F. Stride and William J. Harte, of counsel), for appellee.

JUSTICE WARD delivered the opinion of the court:

The plaintiff, Timothy Meyers, filed a complaint for personal injuries in the circuit court of McHenry County against Bridgeport Machines Division of Textron, Inc. (Bridgeport Machines). On the plaintiff's motion, the complaint was dismissed without prejudice under section 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009), which provides for voluntary dismissals. The plaintiff subsequently filed a complaint in the circuit court of Cook County alleging the same cause of action. The defendant's motion to dismiss or to transfer the action to the circuit court of McHenry County on the ground of *forum non conveniens* was denied, and the appellate court declined to review the denial by the circuit court (94 Ill. 2d R. 306(a)(1)(ii)). We granted the defendant's petition for leave to appeal under our Rule 315 (94 Ill. 2d R. 315(a)).

The complaint alleged that the fingers on Meyer's left hand were injured on June 8, 1981, while he was cleaning the surface of a grinding machine designed and manufactured by a corporate predecessor of the defendant, and that a defect in the design of the machine caused his injury. The machine, described in the complaint as a Harig Grinder Model 612 Deluxe, was manufactured by Harig Products, Inc., at its plant in Kane County. Prior

to the plaintiff's injury, Harig Products, Inc., had been sold to Textron, Inc., a corporation transacting business in Illinois, and the plant in Kane County was made a part of Bridgeport Machines Division of Textron, Inc. Bridgeport Machines has a registered agent in Cook County.

According to the pleadings, reconstructive surgery was performed on the plaintiff's fingers at McHenry Hospital in McHenry County, and he underwent therapy treatments at a clinic in McHenry County. The orthopedic surgeon who operated on the plaintiff's hand, Dr. Sheroo Kohli, has an office in Highland Park, Lake County. The defendant's medical expert, Dr. Norton Flanagan, has an office at Sherman Hospital in Elgin, Kane County. The witnesses of the plaintiff and defendant who are prepared to testify to the design and manufacture of the grinding machine reside in Cook County.

The plaintiff Meyers, who resides in McHenry County, states that he was was injured at his place of employment, Mol-Tek Precision, Inc. (Mol-Tek), which is in McHenry County. Mol-Tek was made a third-party defendant to the action in McHenry County through a complaint filed by Bridgeport Machines, but Mol-Tek has not been brought in as a third-party defendant in the action in Cook County. However, the affidavit accompanying the plaintiff's response to the *forum non conveniens* motion states that Mol-Tek has been granted leave to intervene in the Cook County action and that Mol-Tek has retained counsel in Cook County.

On December 5, 1983, the day the circuit court of McHenry County was to set the case for trial, counsel for the plaintiff informed the court that the plaintiff's representation had been referred to an attorney in Chicago, and that that attorney was on trial in the circuit court of Cook County. The plaintiff's counsel asked the court to dismiss the action without prejudice under sec-

tion 2—1009 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—1009). Defense counsel objected and asked that the case simply be continued, as discovery had been completed and the matter was about to be set for trial in McHenry County. The court granted the plaintiff's motion and dismissed the complaint. Shortly thereafter the plaintiff filed this action in the circuit court of Cook County. The defendant argues that this action has no significant factual connections with Cook County and that the circuit court of Cook County erred in refusing to dismiss or transfer the action to McHenry County on the ground of *forum non conveniens*.

Under the doctrine of *forum non conveniens* it is assumed that there is more than one forum in which jurisdiction may be obtained over the parties and the subject matter of a cause, and in which the cause may be tried. (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 364; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 371.) This court has stated:

> "*Forum non conveniens* is a doctrine that is founded in considerations of fundamental fairness and sensible and effective judicial administration. In the application of these basic considerations a court may decline jurisdiction of a case 'even though it may have proper jurisdiction over all parties and the subject matter involved' [citations], whenever it appears that there is another forum that can better 'serve the convenience of the parties and the ends of justice.' [Citation.]" (*Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 514.)

See, *e.g.*, *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 364; *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 76; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 117-18.

The determination of whether the particular circumstances warrant dismissal of a complaint on the ground

of *forum non conveniens* is entrusted to the discretion of the trial court, and its decision will be set aside only if it is shown that the court abused discretion in weighing the relevant considerations. (*Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 257, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 373; *People ex rel. Compagnie Nationale Air France v. Giliberto* (1978), 74 Ill. 2d 90, 110, *cert. denied* (1979), 441 U.S. 932, 60 L. Ed. 2d 660, 99 S. Ct. 2052; *Cotton v. Louisville & Nashville R.R. Co.* (1958), 14 Ill. 2d 144, 159.) The Supreme Court stated factors to be considered in determining whether to dismiss under *forum non conveniens* in what has become the classic decision of *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843:

"An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. *** But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home." *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378,

382; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 372-73; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 118-19.

The application of *forum non conveniens* is not limited to a choice between interstate forums. Trial courts have discretion to dismiss an action when a more appropriate intrastate forum is indicated. (*Torres v. Walsh* (1983), 98 Ill. 2d 338; *Mesa v. Chicago & North Western Transportation Co.* (1983), 98 Ill. 2d 356.) In *Torres* this court emphasized factors set out in *Gilbert* which the court considered relevant in deciding whether a cause might more properly be litigated in a different intrastate forum: the availability of an alternative forum, the accessibility of witnesses, the access to sources of proof, the relative advantages and obstacles to obtaining a fair trial, the congestion of the court dockets, and the convenience of the parties. (98 Ill. 2d 338, 351.) The court stated "that unless those factors strongly favor the defendant, then the plaintiff should be allowed to exercise his choice in deciding in what forum to bring the case when venue is proper." 98 Ill. 2d 338, 351; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 366; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 118.

We first observe that it is evident that there is available an alternative forum in McHenry County, and that venue was proper in either Cook or McHenry County under our venue statute (Ill. Rev. Stat. 1983, ch. 110, par. 2—102(a)) because the defendant corporation transacted business in McHenry County and had its registered agent in Cook County.

We then must consider the factors relevant to the determination whether the circuit court of Cook County is an appropriate forum for this action.

A trial in Cook County would provide easy accessibility for those witnesses whom, as indicated in the *forum*

*non conveniens* motion and the response to it, the parties expect to testify. The only occurrence witness indicated is the plaintiff, and it is obvious from the filing of the complaint that he chooses Cook County as the forum. The expert witnesses engaged by the plaintiff and by the defendant to testify as to the design and manufacture of the machine reside in Cook County. Other witnesses, such as the treating physician and the defendant's medical witness, are shown by the record to have offices in counties adjacent to Cook County, and therefore they would not be subjected to a significant inconvenience by a trial in Cook County. Too, the plaintiff points out that Mol-Tek's intervention in the Cook County action leads to a reasonable inference that Mol-Tek is agreeable to the Cook County forum and that the parties will have access, if necessary, to employees of Mol-Tek who are familiar with the operation of the Harig Grinder Model 612 Deluxe.

Considering access to the sources of proof, we would note that the distance between Cook County and the Mol-Tek plant in McHenry County, where the injury is alleged to have occurred, is not so great as to make travel burdensome or expensive if, during trial, the need should arise for an inspection of the machine or the work area. (See *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 83.) The records of the hospital where the plaintiff was treated, the records of the clinic where he received therapy, and the records of Harig Products, Inc., are located close to Cook County, and it cannot be reasonably said that the plaintiff's choice of forum would operate to obstruct access to the sources of proof. (The record does not expressly state the distances from the plaintiff's choice of forum to the locations of the witnesses, sources of proof, or the place of injury, but the proximity of the forum to each location can be shown: Cook County borders Lake, McHenry and Kane

counties; Lake County lies next to McHenry and Cook counties; McHenry County is adjacent to Kane, Cook and Lake counties; and Kane County shares a border with Cook and McHenry counties and lies a short distance from Lake County.)

To summarize, the factual connections with the forum in this case can be said to be evenly distributed among Cook, McHenry, Lake and Kane counties. That there is not a predominance of connections to any one of the counties supports the trial court's denial of the *forum non conveniens* motion because, as we observed in *Torres v. Walsh* (1983), 98 Ill. 2d 338, 351, the factors must strongly favor the defendant before the plaintiff's choice of forum will be defeated.

The defendant contends, however, that recent decisions of this court have shifted the focus of decision from the plaintiff's choice of forum to the public interest in deciding a motion to dismiss under *forum non conveniens*. It cites *Harig v. Chicago & North Western Transportation Co.* (1984), 103 Ill. 2d 530, *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, *Torres v. Walsh* (1983), 98 Ill. 2d 338, *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, and *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, as establishing a trend of greater deference to public interest when determining the forum. We consider, however, that this is an instance of the significance of decisions, like beauty, being in the eye of the beholder. A review of the cited holdings fails to support a conclusion that the public interest is to be given dominant emphasis over considerations of the parties' convenience and the plaintiff's choice of forum. The *forum non conveniens* doctrine is equitable in nature (*Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill.

2d 135, 146; *People ex rel. Atchison, Topeka & Santa Fe Ry. Co. v. Clark* (1957), 12 Ill. 2d 515, 520) and allows courts to strike a balance between the convenience of the litigants and the efficient administration of justice. The doctrine allows a trial court to consider all relevant factors in each case, and to exercise discretion in making its determination of the preferred forum. This court has not restricted the trial court's discretion by reducing the interests of the litigants to secondary importance. *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 248-50, 70 L. Ed. 2d 419, 431-32, 102 S. Ct. 252, 262-63.

The defendant correctly argues that it is appropriate to consider the congestion of court dockets as a factor of public concern (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 372; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 375), and that in doing so it is proper to notice the Annual Reports of the Administrative Director to the Supreme Court of Illinois (*Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 375; *Fender v. St. Louis Southwestern Ry. Co.* (1971), 49 Ill. 2d 1, 6). The Annual Report for 1983 (the most recent on file regarding docket congestion) shows that the average time lapse for actions seeking damages in excess of $15,000 in McHenry County was 38.3 months; in the same category Cook County reported 34.0 months. Excluding traffic cases, the number of cases pending in Cook County decreased 12.98% from the preceding year, while the cases pending in McHenry County appeared to decrease 2.5%. Further, the parties agree that Bridgeport Machines and its parent company, Textron, Inc., transact business throughout the State, including Cook County. There will be a trial in a community with a relation to the controversy. *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 509, 91 L. Ed. 1055, 1063, 67 S. Ct. 839, 843; *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 382.

For the reasons given, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

JUSTICE RYAN, dissenting:

This case demonstrates a continued abuse by counsel of the privilege granted to plaintiffs of voluntarily dismissing a complaint and refiling under sections 2—1009 and 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, pars. 2—1009, 13—217). In *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, I voiced my displeasure with such abuse and pointed out that the reason for authorizing refiling after a voluntary dismissal is to protect the plaintiff from his loss of the right to relief on the merits because of some procedural defect. *Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 310-11 (Ryan, C.J., concurring).

Recently in *O'Connell v. St. Francis Hospital* (1986), 112 Ill. 2d 273, the court held that these two sections of the Code of Civil Procedure could not constitutionally be applied in such a manner as to defeat or unduly interfere with the performance of the critical judicial function of administration of justice without delay. That is exactly what has happened in our case. The case was originally filed in McHenry County and was processed to the stage that it was ready to be set for trial. However, on the day the court was to set the case for trial, plaintiff's attorney pulled the rug from under the judge in McHenry County by taking a voluntary dismissal and later filing the case in Cook County, where it again must work its way through the administrative procedures of that court until it gets to the trial stage at which time, under the holding of this court, presumably plaintiff will again be able to take a voluntary dismissal and then again to later refile in some other circuit of plaintiff's choosing, or in the same circuit.

This court is charged with the administrative and supervisory authority over all the courts of this State (Ill. Const. 1970, art. VI, sec. 16). The chief judge in each circuit, subject to the rules of this court, has general administrative authority over the court in that circuit (Ill. Const. 1970, art. VI, sec. 7(c)). Delay in the disposition of cases is one of the most, if not the most, critical problems of administration facing this court and the chief judges of the circuit courts in this State. Every person in the court system with administrative responsibility is keenly aware of this problem and is concerned with reducing the delay in the disposition of cases. Their efforts to this end should not be interfered with by such maneuvering by counsel as has been demonstrated in this case and in *Kahle.* If this case would have been set for trial on December 5, 1983, when the circuit court of McHenry County proposed to set it for trial, it would have been disposed of two years ago and the injured plaintiff, if entitled to recover, would have long ago been compensated. As it is, the case still languishes in the circuit court of Cook County and conceivably could remain there for another year or two.

The courts exist as a forum for the resolution of disputes of litigants. They are not the private playgrounds for attorneys. Counsel should not be permitted to play on one playground until he tires of it, or something or someone more attractive appears on another which causes him to abandon the one on which he had been playing and to move to the other. In our case it appears that the attraction that lured plaintiff's counsel from the playground of his original choice was a pitcher with a good earned-run average who apparently preferred to pitch only on his own playground in Cook County.

The opinion speaks of the preference given to the forum of plaintiff's choice. However, the opinion also acknowledges that there is a local interest in having localized

controversies decided at home, quoting from *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843. The opinion recognizes that this same language was quoted by this court in *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 382, *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 372-73, and *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 118-19. This was the basis of the holding of this court in *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 366-68, where this court analyzed the rationale of the deference paid to a plaintiff's choice of forum and noted that the Supreme Court, in *Piper Aircraft Co. v. Reyno* (1981), 454 U.S. 235, 70 L. Ed. 2d 419, 102 S. Ct. 252, considered that the plaintiff's choice of forum is not entitled to the same weight or consideration in all cases and that when the plaintiff is foreign to the forum chosen, his choice deserves less weight. This court followed that rationale in *Jones v. Searle Laboratories*. Thus the plaintiff's choice of forum when he and the incident out of which the claim arose are strangers to that forum is not sacrosanct.

In our case, however, plaintiff's choice of forum, the forum in which he chose to first file his lawsuit, was McHenry County, which is the forum in which the plaintiff resides and in which he was injured. Under the rationale of the cases discussed in *Wieser*, this is the choice of forum to which deference should be paid and not the plaintiff's second choice of Cook County, to which the plaintiff and the claim are foreign.

Because of the abuse of the privilege granted to plaintiffs by sections 2—1009 and 13—217 of the Code of Civil Procedure, and the undue deference which the opinion gives to plaintiff's second choice of forum, I must respectfully dissent.

JUSTICE MORAN joins in this dissent.