HARRISON MINTON, JR., Plaintiff-Appellee, v. HELENA MARINE SERVICE, INC., Defendant-Appellant.

Fifth District No. 5—85—0037

Opinion filed July 1, 1986.—Rehearing denied July 28, 1986.

JONES, J., dissenting.

Raymond L. Massey and William R. Bay, both of Thompson & Mitchell, of Belleville, and E. Spivey Gault, of Lake Tindall, Hunger & Thackston, of Greenville, Mississippi, for appellant.

L. Thomas Lakin, of Lakin & Herndon, P.C., of East Alton, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Harrison Minton, Jr., filed a complaint in the circuit court of Madison County, Illinois, pursuant to the Merchant Seamen Act, commonly called the Jones Act (46 U.S.C.A. sec. 688 (West 1975)), and the general maritime law of the United States. Defendant, Helena Marine Service, filed a motion to decline jurisdiction as to either all or part of the complaint based upon *forum non conveniens.* The motion was denied. This court granted defendant's petition for leave to appeal under Supreme Court Rule 306(a)(1)(ii) (103 Ill. 2d R. 306(a)(1)(ii)). We affirm.

Plaintiff filed a four-count complaint in Madison County circuit

court on April 29, 1983, seeking damages for personal injuries which allegedly occurred in two separate accidents while plaintiff was employed by defendant. Counts I and II allege that plaintiff was injured in a fall on the motor vessel Tince Hendrix on the Mississippi River on or about October 4, 1980. No further details as to the location are stated in the complaint. However, defendant's answer alleges this accident, if it occurred, occurred in Louisiana. Counts III and IV allege that plaintiff was injured in a fall on the motor vessel Rosemarie Waldon on the Mississippi River at or near Quincy, Illinois, on or about August 13, 1981.

Summons was served on defendant in Pulaski County, Arkansas. Defendant's answer to the complaint asseverated that Illinois was not a convenient forum for the case. Defendant then filed a motion to sever counts I and II and decline jurisdiction as to those counts based upon *forum non conveniens*. Defendant subsequently filed an amended motion asking the court to decline jurisdiction over all four counts, or, in the alternative, to sever counts I and II and decline jurisdiction as to those two counts. Supporting the amended motion was the affidavit of the president of Helena Marine Service. The affidavit asserted that plaintiff was at all times a resident of Elizabethtown, Kentucky, that defendant's principal place of business is in Little Rock, Arkansas, that defendant does no business in Illinois, and that all records pertaining to plaintiff's employment are kept at Helena, Arkansas. The affidavit also stated that there are seven crew members who would be potential witnesses to the accident alleged in counts I and II, and that all seven reside in Arkansas. Only two of them are still employed by defendant. There are six crew members who would be potential witnesses to the accident alleged in counts III and IV, and two of them reside in Arkansas, one in Mississippi, one in Kentucky, one in Tennessee, and one in Iowa. Only one of these six witnesses still works for defendant. The affidavit further asserts that plaintiff sought medical care after both incidents from a doctor in Elizabethtown, Kentucky. Plaintiff filed no affidavits or other documents to deny the facts alleged in defendant's affidavit or to allege additional facts.

The circuit court denied defendant's amended motion to decline jurisdiction.

Defendant argues on appeal that the court erred in denying its motion because the State or Federal courts of Arkansas or perhaps Kentucky would be more convenient *fora* for plaintiff's case than Illinois. Defendant has not filed a motion based upon *intrastate forum non conveniens*, but rather claims the action cannot be conveniently heard in any court in Illinois. We thus are faced with an *interstate fo-*

*rum non conveniens* question.

■ In reviewing a court's decision on a motion to decline jurisdiction based upon *forum non conveniens,* we are limited to a determination of whether the court abused its discretion. (*Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 503-04, 490 N.E.2d 694, 699.) It is not our function to determine whether the trial judge exercised his discretion wisely, but only whether that discretion has been abused. 111 Ill. 2d 495, 503-04, 490 N.E.2d 694, 699.

Numerous factors involving private and public interests must be considered when comparing the relative convenience of competing *fora.* (*Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 499, 490 N.E.2d 694, 696.) Defendant points to the following factors which it contends indicate Illinois is not a convenient forum: defendant's principal place of business is in Arkansas; plaintiff's employment records are in Arkansas; many of the occurrence witnesses live in Arkansas and are not subject to compulsory process in Illinois; plaintiff resides in Kentucky, and he received medical treatment there; and the Madison County circuit court docket has a backlog. Defendant cites these factors to claim the State or Federal courts of Arkansas or perhaps Kentucky are more convenient *fora* for plaintiff's action. However, the injury alleged in two of the counts occurred in Illinois.

■ The supreme court's recent opinion in *Brummett,* announced after oral argument in the present case, addressed circumstances very similar to those presented here. There, in a Jones Act case, both the plaintiff and defendant were residents of Tennessee, defendant had no place of business in Illinois, eight of the nine crew members at the time of the accident were residents of Tennessee and the ninth was a resident of Florida, and plaintiff's employment records were in Tennessee. However, the accident in which the plaintiff was injured occurred in Illinois. The supreme court noted that in *Piper Aircraft v. Reyno* (1981), 454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 436, 102 S. Ct. 252, 266, the United States Supreme Court declared that when the plaintiff chooses his home forum it is reasonable to assume that the chosen forum is convenient. Our supreme court then held:

> "The plaintiff's choice of forum should be entitled to no less deference when in a tort action he choses the situs of the injury rather than the forum of his residence. [Citation.] *** The factual connection to the forum is as great, perhaps greater, when the plaintiff chooses the forum where an accident occurred as when he chooses his place of residence. Moreover, Illinois has an interest in protecting persons and property within the State from unsafe practices and conditions; the State should there-

fore provide a forum in which persons, no matter where they reside, can seek compensation for injuries suffered in Illinois." (*Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 499-500, 490 N.E.2d 694, 697.)

The court focused further on this factor when it stated:

"There is clearly an overriding element of essential fairness in condoning the choice by an injured party of the forum in which the injury was suffered. It also makes for sensible and effective judicial administration for a claim to be pursued in the forum where it arose. Where the plaintiff files his claim at the situs of his injury there is a clear nexus with the forum, and the plaintiff cannot be charged with forum shopping." (111 Ill. 2d 495, 500, 490 N.E.2d 694, 697.)

Applying the holding in *Brummett*, we find that plaintiff's choice of Illinois as the forum for his case is entitled to great deference due to the fact two of the counts allege plaintiff was injured in Illinois.

We also find, as did the supreme court in *Brummett*, that defendant's argument regarding the backlog on the docket of the Madison County circuit court is unpersuasive. The fact plaintiff was injured in Illinois gives the State an interest in the outcome of the controversy sufficient to overcome the public interest in a less congested court docket. (See *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 502, 490 N.E.2d 694, 698.) "Courts should be extremely reluctant to dismiss a case from the *forum rei gestae* merely because that forum's docket has a backlog; and this factor is entitled to almost no weight without evidence to show that the court calendar in another forum would resolve the dispute more expeditiously." (111 Ill. 2d 495, 503, 490 N.E.2d 694, 698.) The defendant in *Brummett* presented no evidence as to the condition of the dockets of the courts in the alternative forum, and the supreme court consequently rejected defendant's argument based upon the trial backlog of Madison County. Likewise, defendant in the cause *sub judice* has presented no evidence of the condition of the dockets of the State or Federal courts of Arkansas or Kentucky, and we reject his argument based upon the trial backlog in Madison County.

Defendant also argues Illinois is not a proper forum because its principal place of business is in Arkansas, along with plaintiff's employment records. It also points to the fact many of the occurrence witnesses live in Arkansas and would not be subject to compulsory process in Illinois. These factors do not make the balance strongly favor defendant, especially in light of the fact the injury alleged in two of the counts occurred in Illinois. (See *Brummett v. Wepfer Marine,*

*Inc.* (1986), 111 Ill. 2d 495, 504-05, 490 N.E.2d 694, 699.) Furthermore, the occurrence witnesses reside in a total of five different States, meaning wherever the trial is held, there will be some who are not subject to compulsory process. We further note some of the occurrence witnesses still work for defendant. When an accident occurs on a vessel moving up and down rivers, we cannot presume that the consideration of travel by these occurrence witnesses favors any one forum over another. (111 Ill. 2d 495, 504, 490 N.E.2d 694, 699.) In addition, plaintiff resides in Kentucky, as does his treating physician. These facts all lead to the conclusion there is no single forum that will be convenient to all parties and witnesses. The factors must strongly favor defendant before plaintiff's choice of forum will be defeated. See *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112.

For these reasons, we conclude the trial court did not abuse its discretion in denying defendant's motion to decline jurisdiction based upon *forum non conveniens.* The injury alleged in counts III and IV occurred in Illinois. While defendant claims the injury alleged in counts I and II, if any, occurred in Louisiana, it does not contend the cause should be heard in Louisiana. Therefore, because plaintiff has chosen Illinois as the forum for his case, and because of the convenience of trying all four counts together, we find no abuse of discretion in the denial of the forum motion in its entirety.

For the foregoing reasons, the order of the circuit court of Madison County denying defendant's *forum non conveniens* motion is affirmed, and the cause is remanded for further proceedings.

Affirmed and remanded.

WELCH, J., concurs.

JUSTICE JONES, dissenting:

I respectfully dissent.

No aspect of this case, facts, witnesses or parties, has the slightest connection with Madison County. Yet, the trial court and the majority are permitting it to be tried there notwithstanding. Sanction is thus granted to the further and continued abuse of the taxpayers and residents of Madison County.

This case has no connection of any kind with Madison County. In fact, all parties and all witnesses are nonresidents of Illinois. Despite this void of interest or connection, plaintiff has filed this case in the Illinois county with the most, or certainly one of the most, congested

court dockets in the State. It should not be made a requirement that defendant present evidence relating to the congestion of courts of other States that would constitute proper forums for this case; it is sufficient that we know that the circuit court of Madison County is practically overrun with cases. The citizens of Madison County will be required to furnish the tax money to pay for the expenses attending the trial, to furnish jurors, courtroom, bailiffs, court reporters and judges. Not the least of the burdens to be borne by Madison County citizens is the fact that this case, two trials, in effect, will displace the trials and dispositions of litigation involving Madison County residents. As the supreme court stated in *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 231-32, 478 N.E.2d 370, 373:

> "The public interest factors noted in *Gilbert* include administrative difficulties caused by concentrating litigation in congested centers, the imposition of jury duty of the citizens of a community unrelated to the litigation, difficulties in providing information to all interested persons when a case is tried far from those who are interested, ***.
>
> ***
>
> *** This continuing glut of cases in certain Illinois counties is a factor we must consider before burdening these counties with additional nonresident litigation. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 81; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 373; *Jones v. Searle Laboratories* (1982), 93 Ill. 2d 366, 375; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 122-23)."

Aside from the burdens placed upon the residents and taxpayers of Madison County, the decision of the trial court that denied defendant's motion to decline jurisdiction was contrary to the decisions of our supreme court in *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 466 N.E.2d 198, *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 457 N.E.2d 417, *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 456 N.E.2d 98, and *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 427 N.E.2d 111.

This case assumes a somewhat different dimension upon consideration of the allegations in counts III and IV of plaintiff's complaint. There he alleges that he was injured on August 13, 1981, while working aboard the motor vessel Rosemarie Waldon on the Mississippi River at or near Quincy, Illinois. Assuming the truth of that charge, as must be done, the case takes on the trappings of intrastate *forum*

*non conveniens.* Although arguably the plaintiff would have been justified in filing his suit in Adams County, at least as to counts III and IV (see *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 490 N.E.2d 694), he did not choose to file it there. Even so the cases of *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601, *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 478 N.E.2d 370, *Boston v. Rockford Memorial Hospital* (1986), 140 Ill. App. 3d 969, 489 N.E.2d 429, and *Walker v. Iowa Marine Repair Corp.* (1985), 132 Ill. App. 3d 621, 477 N.E.2d 1335, would require that this case be transferred to Adams County for trial. That county has a far less crowded docket than has Madison County and would be no less convenient to plaintiff than Madison County.

However, despite the fact that *Brummett v. Wepfer Marine, Inc.,* would arguably be followed in granting a transfer of the case to Adams County, the fact remains that aside from being the situs of the alleged accident, Adams County has no more contacts with the parties and the witnesses than has Madison County. The defendant still cannot compel the attendance of any of the occurrence witnesses (save the 3 of 13 still employed by it) or the medical witness. In addition, the distance from Little Rock, Arkansas, and Elizabethtown, Kentucky, are even greater to Adams County than to Madison County. Adams County is an inconvenient and improper forum.