JOHN VESTER FULFORD, Plaintiff-Appellee, v. SCOTT CHOTIN, INC., Defendant-Appellant.

Fifth District   No. 5—86—0237

Opinion filed January 7, 1987.

JONES, J., concurring in part and dissenting in part.

Gary K. Morgan, of Lucas & Murphy, P.C., of St. Louis, Missouri, for appellant.

Jeanne L. Sathre and David R. Herndon, both of Lakin, Herndon, Becker & Gitchoff, P.C., of East Alton, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, John Vester Fulford, filed an action in the circuit court of Madison County to recover damages for personal injuries he sustained while employed by defendant, Scott Chotin, Inc., as a crew member of the motor vessel Sugarland. Plaintiff brought his action pursuant to the Merchant Seamen Act, commonly known as the Jones Act (46 U.S.C.A. sec. 688 (West 1975)). The injuries at issue were allegedly suffered by plaintiff in two separate accidents which occurred in February and April of 1983. Plaintiff avers that both accidents took place on board the Sugarland when the vessel was afloat on the Illinois River. Defendant promptly filed a motion to dismiss or to transfer the action on the grounds of *forum non conveniens*. Following preliminary discovery, defendant's motion was denied. This court then granted defendant's petition for leave to appeal pursuant to Supreme Court Rule 306(a)(1)(ii) (103 Ill. 2d R. 306(a)(1)(ii)). We now affirm and remand for further proceedings.

Defendant is a corporation organized under the laws of, and with its principal place of business in, the State of Louisiana. Nevertheless, there is no dispute that the acts or omissions giving rise to plaintiff's cause of action took place in the State of Illinois and that defendant transacts business in Madison County, Illinois. The jurisdiction of the trial court has not been questioned, and venue is proper there. (See Ill. Rev. Stat. 1985, ch. 110, pars. 2—101, 2—102.) Although defend-

ant originally urged that the case be heard in a State or Federal court outside of Illinois based on interstate *forum non conveniens,* defendant has now expressly abandoned this claim in light of *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 490 N.E.2d 694, and *Minton v. Helena Marine Services, Inc.* (1986), 147 Ill. App. 3d 491, 495 N.E.2d 136. The sole remaining issue for our review is whether the trial court abused its discretion in refusing to dismiss or transfer plaintiff's cause to another venue within the State of Illinois.

■■ The standards governing this appeal are clear. In ruling on motions to dismiss or transfer venue based on intrastate *forum non conveniens,* a court must consider the following factors: the availability of an alternative forum, the accessibility of witnesses, the access to sources of proof, the relative advantages and obstacles to obtaining a fair trial, the congestion of court dockets, and the convenience of the parties. (*Meyers v. Bridgeport Machines of Textron, Inc.* (1986), 113 Ill. 2d 112, 119, 497 N.E.2d 745, 748.) Unless these factors strongly favor the defendant, the plaintiff should be allowed to exercise his choice in deciding in what forum to bring the case when, as here, venue is proper. 113 Ill. 2d 112, 119, 497 N.E.2d 745, 748.

●2 Each case must be considered as unique on its facts. (*Darnell v. Ralph Korte Equipment Co.* (1986), 144 Ill. App. 3d 564, 566, 494 N.E.2d 1206, 1207.) Whether an intrastate *forum non conveniens* motion should be granted or denied rests with the sound discretion of the trial court. (144 Ill. App. 3d 564, 566, 494 N.E.2d 1206, 1207.) In reviewing the trial court's decision, we are not concerned with whether the court exercised its discretion wisely, but only with whether its discretion has been abused. (*Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 503-04, 490 N.E.2d 694, 699.) We find no such abuse here.

The only alternative forum suggested by defendant is Will County. The responsibility for establishing the propriety of venue there was on defendant, for, as the moving party, it had the burden of demonstrating its entitlement to the ruling requested. (*Weaver v. Midwest Towing, Inc.* (1986), 139 Ill. App. 3d 1075, 1077, 487 N.E.2d 1259, 1261, *appeal allowed* (1986), 111 Ill. 2d 596.) This burden was not satisfied.

Defendant asserts that venue would be proper in Will County because it is the situs of the events giving rise to plaintiff's cause of action. To support this claim, defendant cites evidence indicating that plaintiff was injured at or near the Dresden Island Lock, which is in Will County, on May 1, 1983. Plaintiff, however, has been injured aboard the Sugarland on multiple occasions. His complaint here is based on two separate accidents which allegedly occurred in February

and April of 1983, not on May 1 or at any other time. Defendant's apparent assumption is that plaintiff is mistaken as to the actual dates of his injury, but this view is premised solely on defendant's inability thus far to locate any documentation in its records regarding an accident involving plaintiff around the times alleged in the complaint except for the May 1 incident. The affidavit submitted by defendant in support of its motion states simply:

"Upon examination of the logs of the M/V Sugarland for the month of February 1983, there is no reference to, nor is there any indication of any accident as pleaded in Count I of plaintiff's complaint. As to Count II of plaintiff's complaint, there is no reference in the logs, nor is there any other report of an accident occurring in April 1983. There is a report for an alleged accident occurring on May 1, 1983, to John Fulford aboard the M/V Sugarland while it was at or near Dresden Island Lock in Will County, Illinois. Will County, Illinois is 300 miles from Edwardsville, Illinois."

■ Significantly, despite its inability to find documentary corroboration for plaintiff's claims, defendant never expressly denies in this affidavit or elsewhere that plaintiff may in fact have also been injured at the times he alleges. Discovery on the question is incomplete and inconclusive. Where the injuries may have been received is, correspondingly, unsettled. We know only that the Sugarland was somewhere on the Illinois River. There is no basis in the limited record here on which to assume that the location was Will County. Moreover, defendant has adduced no facts which would show that it even transacts business or maintains an office in Will County. In sum, defendant has failed to establish any grounds upon which venue could properly be placed there or, indeed, in any Illinois county other than Madison County.

Even assuming that Will County was the situs of the February and April accidents and is therefore available as an alternative forum, defendant's motion was still properly denied. The 1984 Annual Report to the Supreme Court of Illinois does show that the average time lapse for actions seeking damages in excess of $15,000 (as this one does) is much shorter in Will than Madison County (14.5 months versus 35.2 months). While these figures are not dispositive, we cannot contest that court congestion appears to be a more serious problem in Madison County. No other factor, however, remotely favors Will County.

Defendant does not contend that a transfer to Will County is necessary for it to receive a fair trial. No proof is claimed to be situated

there, and the record contains no suggestion that the conditions of the river at the point where plaintiff's injuries were sustained are relevant to any allegation or defense in this action. What may be relevant is the condition of the vessel itself, but that vessel is, by its nature, highly mobile, and no reason has been given as to why it cannot be brought to Madison County, which is served by port facilities, as easily as to Will County in the event a viewing by the jury is found to be necessary and appropriate. Similarly, no witnesses reside in Will County. Defendant, as previously noted, has its principal place of business in Louisiana. The potential witnesses it has identified are from Louisiana, Mississippi, or Florida. Plaintiff himself is presently a resident of Florida. He was treated for his injuries by doctors from Florida at medical facilities in that State. In addition, counsel for defendant are from St. Louis, Missouri, which is adjacent to Madison County, while plaintiff's lawyers have their offices in Madison County. Although defendant may intend to retain local Will County counsel in the event transfer is ordered, we cannot determine that this is so from the record before us or from defendant's brief on appeal. Defendant has adduced no clear explanation as to how, under these circumstances, a transfer from Madison to Will County will make the litigation of this case the slightest bit more convenient or less expensive.

■ While plaintiff is not from Madison County, his decision to file suit there indicates that he believes it to be a sufficiently convenient forum. To be sure, a plaintiff's choice of forum should be accorded less deference when he does not reside there. (See *Darnell v. Ralph Korte Equipment Co.* (1986), 144 Ill. App. 3d 564, 570, 494 N.E.2d 1206, 1210.) Nevertheless, we must emphasize again that defendant here has failed to adduce any substantial evidence that Madison County will be in any way inconvenient or unduly burdensome to it.

If this case has any connection to Will County, it is only through the fortuity that the vessel in which plaintiff was sailing when injured may have been on a waterway passing through that forum when the injuries in question occurred. Our supreme court has recognized that the situs of an injury is significant where a plaintiff has chosen to file suit there, and may be a sufficiently important factor to prevent a case from being transferred to a foreign jurisdiction under the doctrine of interstate *forum non conveniens* as a matter of public policy. (See *Brummett v. Wepfer Marine, Inc.* (1985), 111 Ill. 2d 495, 490 N.E.2d 694; see also *Minton v. Helena Marine Service, Inc.* (1986), 147 Ill. App. 3d 491, 495 N.E.2d 136.) We are aware of no authority, however, which suggests that the situs of an injury is so compelling as

to warrant an intrastate transfer where, as here, the balance of other relevant factors does not otherwise favor that forum and the plaintiff has chosen to file suit elsewhere.

As thin as the ties binding this case to Madison County may be, our review of the record compels us to conclude for the foregoing reasons that defendant has simply not met its burden of establishing that the factors identified by our supreme court in *Meyers v. Bridgeport Machines of Textron, Inc.* (1986), 113 Ill. 2d 112, 119, 497 N.E.2d 745, 748, strongly favor the litigation of this case in Will County. What defendant is engaged in here appears to be no more than a form of forum shopping in reverse. We therefore hold, on the particular facts of this case, that the trial court did not abuse its discretion in denying defendant's motion to transfer or dismiss.

Accordingly, the judgment of the circuit court of Madison County is affirmed, and plaintiff's case is remanded for further proceedings consistent with this opinion.

Affirmed and remanded.

KASSERMAN, J., concurs.

JUSTICE JONES, concurring in part and dissenting in part:

I concur in the result reached by the majority that there is no showing in the record that the injury alleged in plaintiff's complaint occurred in Will County, or even that it did not occur in Madison County.

However, I dissent from the dicta utilized by the majority to state that even if the injury had been received in Will County the motion was still properly denied. My reasons for this dissent are set forth in my dissents in the cases of *Baker v. Burlington Northern R.R. Co.* (1986), 149 Ill. App. 3d 674, and *Bland v. Norfolk & Western Ry. Co.* (1986), 140 Ill. App. 3d 862, 489 N.E.2d 435.