JAMES V. STRUBE, Plaintiff-Appellee, v. C L C OF AMERICA, INC., d/b/a Clinton Harbor Service, and/or American River Transportation Company, and/or Archer-Daniels-Midland Company, Defendant-Appellant.

Fifth District   No. 5—91—0698

Opinion filed June 16, 1993.

Alan K. Goldstein and Milton I. Goldstein, both of Goldstein & Price, of St. Louis, Missouri, for appellants.

Robert H. Gregory, of The Lakin Law Firm, of Wood River, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiff, James V. Strube, filed an action in the circuit court of Madison County to recover damages for personal injuries he sustained in an accident which occurred while he was employed by defendant, Clinton Harbor Service, a division of Archer-Daniels-Midland Company, as a tugboat pilot. His complaint alleges a cause of action under the Jones Act (46 U.S.C.A. §688 *et seq.* (West 1975)). Following preliminary discovery, defendant filed a motion to dismiss or transfer the action under the doctrine of *forum non conveniens*. Defendant's motion was denied by the circuit court. This court then granted defendant's petition for leave to appeal pursuant to Supreme Court Rule 306(a)(1)(ii) (134 Ill. 2d R. 306(a)(1)(ii)), and the sole issue now before us is whether the circuit court abused its discretion in refusing to transfer the cause. We affirm and remand for further proceedings.

Plaintiff's complaint alleges that he was injured on June 2, 1990, while aboard the M/V Saratoga, when the port-side pilot-house door blew shut in front of plaintiff, shattering the window and causing damage to his right foot. There is no dispute that the accident occurred at approximately mile 512.6 of the upper Mississippi River, which is adjacent to Whiteside County, Illinois. Plaintiff is a resident of Clinton, Iowa. Defendant does business in Madison County, Illinois. Plaintiff received medical treatment for the injuries at issue in this case from facilities in Clinton, Iowa. The persons identified as having knowledge pertaining to the June 2, 1990, accident, aside from plaintiff, include two witnesses from Iowa.

Plaintiff asserts that expert witnesses residing in Madison County or nearby St. Clair County may be called as expert witnesses. Plaintiff is represented by a law firm which maintains its offices in Wood River, Madison County, Illinois. Defendant is represented by a law firm which maintains its offices in St. Louis, Missouri, and there is no indication that defense counsel will withdraw from the case if transfer to another forum is ordered. In its motion to dismiss or to transfer the action for intrastate *forum non conveniens*, defendant argued that the cause bears little or no relationship to Madison County in that: (1) plaintiff is a resident of Clinton, Iowa; (2) the injury occurred outside Madison County; (3) the witnesses to the injury reside outside Madison County; and (4) plaintiff was treated in medical facilities located in his hometown of Clinton, Iowa. Defendant further argued that the cause should be transferred to Whiteside County, the forum adjacent to the section of the Mississippi River where the injury occurred. Defendant stated that the Madison County circuit court is much more congested than the court in Whiteside County and submitted an affi-

davit by Rich Adkins, the statistical analyst for the Administrative Office of the Illinois Courts, in support of that assertion. The circuit court denied defendant's motion. Defendant appeals that order, contending that the circuit court abused its discretion.

● ■ ■ In ruling on motions to transfer venue or dismiss based on intrastate *forum non conveniens*, a court must consider the following factors: the availability of an alternative forum, the accessibility of witnesses, the access to sources of proof, the relative advantages and obstacles to obtaining a fair trial, the congestion of the court dockets, and the convenience of the parties. (*Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 119, 497 N.E.2d 745, 748.) Unless these factors strongly favor the defendant, the plaintiff should be allowed to exercise his choice in deciding what forum to bring the case when venue is proper. (*Meyers*, 113 Ill. 2d at 119, 497 N.E.2d at 748.) Since there is no argument that Madison County is a proper venue, we must now examine whether the above-mentioned factors "strongly favor" defendant. Looking to these factors, we find first that there are other forums available. As plaintiff suggests, venue would be proper in at least six counties in three different States. As for Madison County's accessibility to witnesses, plaintiff claims that two witnesses to the incident are Iowa residents and that Whiteside and Madison Counties are equally convenient or inconvenient forums for them. Additionally, plaintiff states that expert witnesses residing in Madison County or neighboring St. Clair County may be called to appear. Alternatively, defendant does not state who its witnesses are or where they reside. Therefore, defendant does not contend that any of its witnesses will be inaccessible to the Madison County forum.

The next factor is access to sources of proof. Neither party suggests that a view of the scene where the incident occurred would be helpful. Defendant makes no assertion that sources of proof will be inaccessible in Madison County, nor does defendant claim that such sources would be more accessible in Whiteside County. Defendant also does not contend that it cannot receive a fair trial in Madison County, so that is not a factor to be further considered. Defendant does devote a significant portion of its brief to the next factor, however, which addresses congestion of court dockets. Defendant submits data showing that as of December 1989, Whiteside County had 264 civil cases in excess of $15,000 pending, while Madison County had 4,881 such cases pending. Defendant further asserts that the average time from filing to disposition of all civil cases in excess of $15,000 was 22.8 months in Whiteside County and 49.8 months in Madison County.

While these figures show that cases are processed more expeditiously in Whiteside County than in plaintiff's chosen forum, the data are now more than three years old. Such was also the case in *Baker v. Burlington Northern R.R. Co.* (1986), 149 Ill. App. 3d 674, 500 N.E.2d 1113, where we stated:

"Although we have no doubt that cases still take longer to try in Madison than in Franklin County, no evidence has been presented by which current docket conditions in the two jurisdictions can be compared. Evidently the circuit court here did not believe at the time it made its ruling that court congestion was such a problem in Madison County as compared with Franklin County that venue should be changed. That court was in a better position than this tribunal to assess the burdens posed by its own docket. [Citation.] We will not second-guess its judgment." (*Baker*, 149 Ill. App. 3d at 679, 500 N.E.2d at 1118.)

The same rationale applies here. The circuit court did not believe docket congestion to be such a problem in Madison County that venue should be changed. Therefore, just as we refused to second-guess the circuit court's judgment on this issue in *Baker*, we also refuse to do so here.

The final factor to be considered is the convenience of the parties. Although defendant contends that Madison County is inconvenient, defendant fails to make a showing of proof in support of such an assertion. Defendant's arguments essentially mirror those set forth in the circuit court, asserting that plaintiff's case is insufficiently connected to Madison County, yet failing to offer proof of its own inconvenience. After analyzing the above factors, this court does not find that analysis to "strongly favor" defendant. Therefore, plaintiff should be allowed to exercise his choice in deciding what forum to bring his case. *Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 119, 497 N.E.2d 745, 748.

For the foregoing reasons, the order of the circuit court of Madison County is affirmed, and the cause is remanded for further proceedings.

Affirmed and remanded.

WELCH and RARICK, JJ., concur.