LARRY DEGRAW, Plaintiff-Appellee, v. FLOWERS TRANSPORTATION, INC., Defendant-Appellant.

Fifth District   No. 5—87—0031

Opinion filed February 8, 1988.

492

Raymond L. Massey, William R. Bay, and Bruce E. Beard, all of Thompson & Mitchell, of Belleville, for appellant.

Jeanne L. Sathre, of Lakin & Herndon, P.C., of Wood River, for appellee.

JUSTICE LEWIS delivered the opinion of the court:

The plaintiff, Larry Degraw, filed a complaint in the circuit court of Madison County, Illinois, on January 17, 1985, pursuant to the Merchant Seamen Act, commonly called the Jones Act (46 U.S.C.A. §688 (West 1975)) and general maritime law of the United States. The defendant, Flowers Transportation, Inc., filed an amended motion to decline jurisdiction based upon *forum non conveniens*, or, in the alternative, to transfer. This motion was denied. This court granted defendant's petition for leave to appeal under Supreme Court Rule 306(a)(1)(ii) (107 Ill. 2d R. 306(a)(1)(ii)).

Plaintiff's complaint contained three counts seeking damages for personal injuries that allegedly occurred in three separate accidents while the plaintiff was employed by defendant. All three of these accidents occurred on defendant's vessel on the Mississippi River. Defendant filed affidavits, answered interrogatories and furnished other discovery material. These documents make it clear that the accidents alleged in counts I and III occurred on the Mississippi River adjacent

to Illinois. Defendant's unchallenged affidavit stated that, as to count I, on the date of the alleged injury the plaintiff was working on the M/V Rusty Flowers between mile 489 and mile 559 on the upper Mississippi River between Iowa and Illinois. The adjoining counties from mile 489 through mile 559 are Jo Davies, Carroll, Whiteside, Henry and Rock Island. The injury alleged in count III purportedly occurred between Scott County, Missouri, and Alexander County, Illinois, on the Mississippi River. The injury alleged in count II purportedly occurred on the Mississippi River further south, between Missouri and Tennessee. There appears to be no argument that at least two of the alleged injuries occurred on the Mississippi River adjoining the Illinois counties mentioned above.

The issues presented for review are (1) whether the trial court erred in denying defendant's motion to dismiss the case based upon the doctrine of interstate *forum non conveniens*, and (2) whether the trial court erred in denying defendant's motion to dismiss or to transfer the case based upon the doctrine of intrastate *forum non conveniens*.

The record discloses that the plaintiff is and has been a resident of Memphis, Tennessee. The defendant is a Mississippi corporation with its principal place of business in Greenville, Mississippi. The record also discloses that only one of 28 potential witnesses is from the State of Illinois. These 28 witnesses were crew members that were aboard the vessel on the three separate incidents. These witnesses reside in Arkansas, Mississippi, Kentucky, Missouri, Tennessee, Iowa and Florida. Ten doctors, identified as possible witnesses, that treated the plaintiff are from Tennessee, Texas and Mississippi. All facilities used in the treatment of plaintiff are located in Memphis, Tennessee. Two of the alleged accidents occurred on the Mississippi River adjoining Illinois. Also included in the record is the statistical information concerning the congestion of courts in the various forums. It is undisputed that venue is proper in Madison County.

■■ We hold that the trial court did not abuse its discretion in declining to dismiss the case on the basis of interstate *forum non conveniens*. This issue has been decided in *Brummett v. Wepfer Marine, Inc.* (1986), 111 Ill. 2d 495, 490 N.E.2d 694, and *Bland v. Norfolk & Western Ry. Co* (1987), 116 Ill. 2d 217, 506 N.E.2d 1291. This court in *Minton v. Helena Marine Service, Inc.* (1986), 147 Ill. App. 3d 491, 494, 495 N.E.2d 136, 139, an interstate *forum non conveniens* case, stated:

> "Applying the holding in *Brummett*, we find that plaintiff's choice of Illinois as the forum for his case is entitled to great

deference due to the fact two of the counts allege plaintiff was injured in Illinois." · ·

Our supreme court stated in *Brummett v. Wepfer Marine, Inc.* (111 Ill. 2d at 499-500, 490 N.E.2d at 697):

· "The plaintiff's choice of forum should be entitled to no less deference when in a tort action he chooses the situs of the injury rather than the forum of his residence. [Citation.] The factual connection to the forum is as great, perhaps greater, when the plaintiff chooses the forum where an accident occurred as when he chooses his place of residence. Moreover, Illinois has an interest in protecting persons and property within the State from unsafe practices and conditions; the State should therefore provide a forum in which persons, no matter where they reside, can seek compensation for injuries suffered in Illinois. ***

*** There is clearly an overriding element of essential fairness in condoning the choice by an injured party of the forum in which the injury was suffered. It also makes for sensible and effective judicial administration for a claim to be pursued in the forum where it arose. Where the plaintiff files his claim at the situs of his injury there is a clear nexus with the forum, and the plaintiff cannot be charged with forum shopping. [Citation.]"

In *Brummett* the accident allegedly occurred on the Mississippi River adjoining Madison County. Applying *Brummett*, we conclude that the trial court did not abuse its discretion in denying defendant's motion to decline jurisdiction based upon the issue of interstate *forum non conveniens*. The sole remaining issue is whether the trial court abused its discretion in refusing to dismiss or transfer plaintiff's cause to another venue within the State of Illinois.

■ On the issue of intrastate *forum non conveniens* the *Bland* case is persuasive. Madison County has no relevant practical connection with this litigation other than the plaintiff's selection of that forum. We are not overlooking that connection because a plaintiff's right to select a forum is a substantial one. (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601.) However, where the plaintiff elects to sue outside his home forum, a court may readily decline to exercise jurisdiction. *Bland*, 116 Ill. 2d 217, 506 N.E.2d 1291.

Our supreme court discussed in *Bland* the importance of public factors:

"Public interest factors also favor transfer to Macon County. Of great importance is the effect this trial will have upon the

Madison County courts and community that will be burdened financially and otherwise in furnishing a forum for this litigation. The public interest requires that causes which are without significant factual connections to particular forums be transferred to convenient forums to insure that those jurisdictions are not unfairly burdened with litigation in which they have no interest or connection. *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 231-32; *Foster v. Chicago & North Western Transportation Co.* (1984), 102 Ill. 2d 378, 384; *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 115.

This court commented in *Espinosa v. Norfolk & Western Ry. Co.* (1981), 86 Ill. 2d 111, 121:

> 'Courts generally have a shared concern "in protecting finite judicial resources" and the efficient functioning of their judicial systems, so that they are not impeded by nonresident litigation to the extent that their availability to local citizens is impaired or diminished.' " *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d at 228-29, 506 N.E.2d at 1296.

The supreme court in *Bland* and previous cases has taken notice of the congested dockets and court facilities of the circuit court of Madison County when venue fixes in Illinois. In this case, the lack of any relevant connection with this litigation will not justify the imposition of the burden of litigation upon the citizens and court system of Madison County. In contrast, several counties in Illinois have a clear connection with this suit because of the situs of plaintiff's injuries.

In *Fulford v. Scott Chotin, Inc.* (1987), 151 Ill. App. 3d 704, 502 N.E.2d 1317, a case recently decided by our court, the plaintiff was injured on a vessel on the Illinois River. This court affirmed the trial court in its denial of the motion for transfer based upon principles of intrastate *forum non conveniens*. However, in that case, there was no showing as to where the alleged injury occurred. This court only knew that the injury had occurred on the Illinois River. The movant failed to establish any grounds for venue in Will County—the county to which it would have had the case transferred.

*Bland* makes it clear that intrastate forum motions are to be governed by the same considerations that a trial court is required to apply in its exercise of discretion in ruling on interstate forum motions. Judged by these standards, we conclude that the trial court abused its discretion in denying that portion of defendant's motion to dismiss or to transfer the case based on intrastate *forum non conveniens*. Our reversal is conditioned on the usual requirement that the defendant shall not interpose a defense based on the running of the statute of

limitations as to these alleged accidents should they be refiled in one of the appropriate forums in Illinois.

Accordingly, the judgment of the circuit court is reversed and the cause remanded for further proceedings consistent herewith.

Reversed and remanded.

HARRISON, P.J., and KARNS, J., concur.