JOHN CARLBERG *et al.*, Plaintiffs-Appellees, v. CHRYSLER MOTORS CORPORATION *et al.*, Defendant-Appellants (Irving Park Chrysler-Plymouth, Defendant).—SCOTT OSMAN, Plaintiff-Appellee, v. CHRYSLER MOTORS CORPORATION, Defendant-Appellant (Schaumburg Dodge *et al.*, Defendants).

Second District   Nos. 2—89—1199, 2—89—1305 cons.

Opinion filed June 28, 1990.—Rehearing denied July 31, 1990.

Debra K. Marcus, of Pappas, Power & Marcus, of Chicago, for appellants.

Mark S. Vilimek, of Kiesler & Berman, of Chicago, and Maureen Flaherty, of Lehrer, Flaherty & Canavan, P.C., of Wheaton, for appellees.

JUSTICE REINHARD delivered the opinion of the court:
These two lawsuits were filed as separate actions in the circuit court of Du Page County. The causes, consolidated on appeal, are before this court on our granting the petitions of defendants, Chrysler Motors Corporation (Chrysler) and Chrysler Credit Corporation (Chrysler Credit), for leave to appeal pursuant to Supreme Court Rule

306(a)(1)(ii) (107 Ill. 2d R. 306(a)(1)(ii)) seeking review of the trial court's denial of their motions to transfer the actions to Cook County based on the doctrine of *forum non conveniens*.

At issue in these appeals is whether the trial court abused its discretion in denying the motions for transfer pursuant to the doctrine of *forum non conveniens*.

The facts in these two actions can be briefly summarized. In appeal No. 2—89—1199, plaintiffs, John and Michalle Carlberg, brought suit against Chrysler, Chrysler Credit, and Irving Park Chrysler-Plymouth (Irving Park) alleging breach of express and implied warranties in connection with the purchase in March 1987 of a 1986 Chrysler automobile from Irving Park and seeking "revocation" of the retail installment contract entered into in connection with the purchase of the automobile. Attached to the complaint was a letter revoking acceptance of the automobile which was sent to Irving Park at a Cook County address and to Chrysler and Chrysler Credit at Du Page County addresses.

The Carlbergs' complaint alleged that Chrysler is a foreign corporation which does business in every county of Illinois and which maintains offices in Du Page County. It also alleged that Irving Park is an Illinois corporation with offices and a business establishment located in Cook County. Documents attached to the complaint indicate that the Carlbergs reside in Cook County.

Chrysler Credit filed a motion in the circuit court of Du Page County seeking transfer of the cause to Cook County on the basis of *forum non conveniens*. The petition noted that the purchase of the subject automobile, as well as any repairs subsequently undertaken by any of the defendants, occurred in Cook County. Given that the Carlbergs were also Cook County residents, Chrysler Credit contended that the proper forum was Cook County. Chrysler subsequently joined in Chrysler Credit's motion to transfer the cause to Cook County. The trial court denied the motion to transfer.

In appeal No. 2—89—1305, plaintiff, Scott Osman, a resident of Kendall County, brought suit in connection with the purchase on January 31, 1989, of a 1984 Oldsmobile automobile against Chrysler, Schaumburg Dodge, and the First National Bank of Waukegan (Bank) alleging breach of warranties, violation of section 2 of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1987, ch. 121½, par. 262), fraud, and odometer fraud, and seeking to revoke his retail installment contract assigned to the Bank. Schaumburg is located in Cook County, and the Bank is located in Lake County.

Chrysler filed a motion to transfer venue to Cook County on the

basis of *forum non conveniens*, advancing essentially the same arguments as in the case brought by the Carlbergs. Chrysler's motion was similarly denied.

The motion to transfer the cause to Cook County, in the case brought by Osman, was argued on essentially the same basis as the motion in the case brought by the Carlbergs. Chrysler and Chrysler Credit contended that Du Page County had no real connection to the transaction which was the subject of the lawsuit. Osman's and the Carlbergs' responses to the motion noted the proximity of the Du Page County courthouse to both the Cook County courthouse and the parties and also referred to the congestion of the Cook County court docket compared to that of Du Page County.

On appeal, Chrysler and Chrysler Credit maintain that the trial court abused its discretion in both cases when it denied the motions to transfer to Cook County. Essentially they contend that, although Chrysler and Chrysler Credit may have offices and do business in Du Page County, the transaction out of which these cases arose took place in Cook County and, therefore, Cook County is the appropriate forum. The Carlbergs and Osman, on the other hand, contend that the trial court correctly declined to transfer the cases to Cook County. Specifically, the Carlbergs and Osman claim that Du Page County is the proper forum for these two lawsuits because (1) Chrysler and Chrysler Credit have offices and do business in Du Page County; (2) no inconvenience to the parties and witnesses will result if the cases remain in Du Page County; and (3) the court docket in Cook County is congested in comparison to that of Du Page County. The Carlbergs also contend that, because they mailed their notice of revocation to Chrysler and Chrysler Credit's Du Page County offices, part of the transaction giving rise to their suit took place in Du Page County.

*Forum non conveniens* is an equitable doctrine that assumes the existence of more than one forum with jurisdiction over the parties and the subject matter. (*Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 105.) Under the doctrine, a court may decline to exercise jurisdiction of a cause where it appears that there is another forum with jurisdiction over the parties in which trial can be had more conveniently. (*Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, 223.) Illinois has long recognized the doctrine of *forum non conveniens* in cases involving other States, and our supreme court has also recognized the intrastate applicability of the doctrine to transfers between counties within Illinois. *Torres v. Walsh* (1983), 98 Ill. 2d 338, 344-47.

In its recent decision in *Griffith v. Mitsubishi Aircraft Inter-*

*national, Inc.* (1990), 136 Ill. 2d 101, the Illinois Supreme Court reiterated the factors to be considered in evaluating a defendant's motion to transfer under the doctrine of *forum non conveniens*. The trial court should weigh both the private interest factors affecting the litigants and the public interest factors affecting the courts. The private interest factors to be considered are the convenience of the parties, the relative ease of access to the sources of proof, the accessibility of witnesses, and other practical problems associated with trial. The relevant public interest factors include the administrative difficulties caused when litigation is handled in congested venues, the unfairness of imposing jury duty upon residents of a county with no connection to the litigation, and an interest in having localized controversies decided locally. *Griffith*, 136 Ill. 2d at 106.

The trial court must also consider a plaintiff's substantial right to select the forum in which his case is heard. Unless the factors weigh strongly in favor of transfer, the plaintiff's choice of forum should rarely be disturbed. The plaintiff's choice deserves less deference, however, when the plaintiff is not a resident of the chosen forum. (*Griffith*, 136 Ill. 2d at 106.) The plaintiff's choice of forum is but one factor, along with other relevant private and public interest factors, to be considered in the balancing process. The test is whether the relevant factors, viewed in their totality, strongly favor transfer to the forum suggested by the party seeking transfer. (*Griffith*, 136 Ill. 2d at 107-08.) The trial court is vested with broad discretion in ruling on a *forum non conveniens* motion, and its decision will be reversed only if it is shown that the court abused its discretion in weighing the relevant considerations. *Griffith*, 136 Ill. 2d at 106.

We now review the trial court's denial of the *forum non conveniens* motion filed in each of the two consolidated cases according to the standards set out above.

In appeal No. 2—89—1199, the private interest factors for the most part do not favor one forum over the other. The Carlbergs are themselves Cook County residents. Beyond this, the record is not entirely clear on the location of the other possible witnesses and records. There can be little doubt, however, that no party would be greatly inconvenienced if the Carlbergs' action was heard in Cook County rather than Du Page County, or vice versa. The evidence submitted to the trial court showed that the distance between the two county courthouses amounted to only 23 miles, and this figure may have to be discounted to the extent that parties and witnesses may actually reside less than 23 miles from the Du Page County courthouse. In *Griffith*, our supreme court expressly recognized that the relatively short dis-

tance between the Cook and Du Page County courthouses makes it unlikely that trying a case in Cook County would be more costly or inconvenient. (*Griffith*, 136 Ill. 2d at 113.) Thus, the private interest factors do not weigh heavily either for or against transfer to Cook County.

■ The public interest factors, on the other hand, strongly favor transfer of the cause to Cook County. First, it is clear that Cook County has a far greater interest in the resolution of this suit than does Du Page County. The Carlbergs' suit arises from the sale of an automobile which took place in Cook County, and the Carlbergs are residents of Cook County. The only connection to Du Page County is the fact that Chrysler and Chrysler Credit maintain offices and do business there. Although it may be relevant in establishing jurisdiction and venue in Du Page County, the fact that Chrysler and Chrysler Credit transact other business in Du Page County is not an important factor in weighing the *forum non conveniens* motion. (*Bland*, 116 Ill. 2d at 226.) In order to justify denial of a defendant's motion to transfer venue, the forum chosen by plaintiff must have sufficient connection with the litigation to justify imposition of the burden of litigation on its citizens and court system. (*Mansfield v. Curtis-Jansen, Inc.* (1989), 183 Ill. App. 3d 154, 158.) Cook County has a far greater interest in having this localized controversy decided locally. *Griffith*, 136 Ill. 2d at 105-06.

■ Conversely, Du Page County lacks "any relevant or practical connection with this litigation," and thus it has no interest in providing a forum. (*Bland*, 116 Ill. 2d at 229.) We note that the courts and community of Du Page County would be burdened financially in providing a forum for this action. The public interest requires that this cause, in which Du Page County has no interest or connection, be transferred to Cook County to prevent Du Page County from being unfairly burdened. (*Bland*, 116 Ill. 2d at 228.) Although the relative congestion of the Cook County court docket *vis-a-vis* that of Du Page County is a public interest factor worthy of consideration, the court congestion factor standing alone is insufficient to justify burdening Du Page County with a lawsuit in which it has no interest. See *Griffith*, 136 Ill. 2d at 113.

We cannot reach a contrary result merely because the Carlbergs mailed their notice of revocation to the Du Page County offices of Chrysler and Chrysler Credit. In *Bland v. Norfolk & Western Ry. Co.* (1987), 116 Ill. 2d 217, the supreme court gave little weight to the fact the plaintiff's treating physician had an office in the chosen forum. The court reasoned that it would be improper to "allow a plaintiff to easily frustrate the *forum non conveniens* principle by selecting as a witness

a treating physician or expert in what would, in reality, be an inconvenient forum." (*Bland,* 116 Ill. 2d at 227.) Here, too, the Carlbergs could frustrate the *forum non conveniens* principle if they could establish a nexus to a desired forum simply by mailing their notice of revocation to any one of Chrysler or Chrysler Credit's county offices throughout the State. Therefore, we give this factor little weight.

Finally, we recognize that the Carlbergs have a substantial right to choose the forum in which their cause is to be litigated. However, where, as here, the plaintiff brings suit in a county in which he does not reside, his choice of forum is entitled to less deference. (*Bland,* 116 Ill. 2d at 228.) We conclude that the relevant factors, when viewed in their totality, so strongly favor transfer of the cause to Cook County that the trial court abused its discretion in denying the *forum non conveniens* motion.

■ We reach the same conclusion with regard to the action filed by Osman in appeal No. 2—89—1305. Once again, the private interest factors do not strongly favor one forum over another. The public interest factors, however, strongly favor transfer to Cook County. The only connection to Du Page County is the fact that Chrysler has an office and does business there. The transaction out of which the suit arises took place in Cook County and is apparently unrelated to Chrysler's Du Page County office. Given that Du Page County has no real interest in the resolution of Osman's action, the relative lack of court congestion in Du Page County is not sufficient to justify trying the case there. As a matter of public interest, the congestion of one county's courts cannot alone serve as the basis for transferring a lawsuit to a county which has no interest in the resolution of the cause.

Although Osman's choice of forum is entitled to substantial consideration, we treat that choice with less deference when the suit is brought in a county where, as here, the plaintiff does not reside. We conclude that the relevant factors, when viewed in their totality, again so strongly favor transfer of the cause to Cook County that it was an abuse of discretion for the trial court to have denied Chrysler's *forum non conveniens* motion for transfer.

Accordingly, the orders of the circuit court of Du Page County denying the motions to transfer in case Nos. 2—89—1199 and 2—89—1305 are reversed, and the causes are remanded with directions to transfer them to Cook County.

Reversed and remanded with directions.

UNVERZAGT, P.J., and INGLIS, J., concur.