DONALD RAY SHAFFER, Special Adm'r of the Estate of Kimberly Rae Shaffer, a Minor, Deceased, *et al.*, Plaintiffs-Appellees, v. C S X TRANS-PORTATION, INC., f/k/a Chessie System Railroad, Defendant and Counter-defendant-Appellant (Robert Stookey, Special Adm'r of the Estate of Scott Jolliff, Deceased, Defendant and Counterplaintiff-Appellee).

Fifth District   No. 5—90—0218

Opinion filed February 6, 1992.

CHAPMAN, J., specially concurring.

Thomas E. Jones and Paul P. Waller III, both of Walker & Williams, P.C., of Belleville, for appellant.

Bernard J. Ysursa, of Cook, Shevlin, Keefe & Ysursa, Ltd., of Belleville, for appellee Robert Stookey.

Kujawski, Rosen & Faerber, P.C., of Belleville (Fritz G. Faerber, of counsel), for other appellees.

JUSTICE HOWERTON delivered the opinion of the court:

Kimberly Rae Shaffer, a minor, was killed while riding as a passenger in a car that collided with a train at a railroad crossing in Sandoval, Marion County, Illinois. Kimberly's parents, Donald Ray and Carolyn Shaffer, and Donald Ray Shaffer, as special administrator of the estate, sued defendants, C S X Transportation, Inc. (CSX), and Robert Stookey, special administrator of the estate of Scott Jolliff, the driver of the car, in St. Clair County. Kimberly Rae Shaffer and her parents lived in Sandoval, Marion County; Jolliff lived in Marion County; and CSX, a Virginia corporation, had its principal place of business in Jacksonville, Florida. Both defendants filed motions to transfer venue on the grounds of *forum non conveniens*. The circuit court denied their motions. We affirm.

*Forum non conveniens* is a judicially created doctrine that presupposes that venue is proper in more than one county. (*Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 456 N.E.2d 98.) In this case, venue would be proper in Marion County, where the incident occurred, and in St. Clair County, where defendant Stookey lives, and where defendant, CSX, does business. Ill. Rev. Stat. 1989, ch. 110, pars. 2—101, 2—102.

Before we examine this particular case, however, the doctrine of *forum non conveniens* needs a brief, yet basic, discussion.

Insofar as the State system of courts is concerned, there are two types of *forum non conveniens*: interstate and intrastate.

Where interstate *forum non conveniens* is applied, the State court has jurisdiction over both the parties and the subject matter, but the court declines to exercise it, dismisses the case, and transfers it to another, more convenient State, usually conditioned upon the other State accepting jurisdiction as well as not barring the claim by application of that State's statute of limitations. See *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1973), 54 Ill. 2d 511, 301 N.E.2d 729, *cert. denied* (1976), 424 U.S. 943, 47 L. Ed. 2d 349, 96 S. Ct. 1411; *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 478 N.E.2d 370.

Where intrastate *forum non conveniens* is applied, the State court has jurisdiction over both the parties and the subject matter and the State retains jurisdiction and does not dismiss but instead transfers the case to another, more convenient county. *Daiber v. Montgomery County Mutual Fire Insurance Co.* (1989), 191 Ill. App. 3d 566, 548 N.E.2d 17.

The difference, therefore, between interstate and intrastate *forum non conveniens* is that, in the former, jurisdiction is declined and the case is dismissed, whereas, in the latter, jurisdiction is retained, and the case is not dismissed but is transferred to another forum inside the State of Illinois. (Ill. Rev. Stat. 1989, ch. 110, par. 2—104; *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601; *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 456 N.E.2d 98; *Degraw v. Flowers Transportation, Inc.* (1988), 167 Ill. App. 3d 491, 521 N.E.2d 115, *appeal denied* (1988), 121 Ill. 2d 568, 526 N.E.2d 828.) This distinction is important to clear analysis, simply because accurate analysis cannot proceed by treating interstate *forum non conveniens* and intrastate *forum non conveniens* as fungible doctrines.

The Illinois Supreme Court, in *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601, prescribed the factors to be considered by the circuit court when deciding an intrastate *forum non conveniens* motion, which is the type of motion presented and the ruling thereon we here review; those factors are: (1) the availability of an alternate forum; (2) the access to sources of proof; (3) the accessibility of witnesses; (4) the relative advantages and obstacles to obtaining a fair trial; (5) the congestion of court dockets; and (6) the convenience of the parties. (*Torres*, 98 Ill. 2d at 351, 456 N.E.2d at 607.) As clear as that language seems, however, both bench and bar have been perplexed by application of *forum non conveniens*, and reexamination in light of fundamental principles from which we may not stray is most likely to shed light on proper application of that doctrine to the facts of a case.

There are two sources of law: the law the people make themselves through their representatives in the legislative branch of government, and common law, *i.e.*, the law that is made on an *ad hoc* basis by the decisions of the judicial branch which recognize, affirm and enforce usages and customs of immemorial antiquity. Black's Law Dictionary 250-51 (5th ed. 1979).

Since the right of the people to make their own law is a primary right in our form of government, the legislature, with the executive branch of government, may codify the common law or, in

the absence of common law, may formulate and announce law by drafting and enacting statutes.

Conflicts between the common law, which is broadly and perhaps too expansively expressed herein as judge-made law, and the law made by the people themselves through their legislature and the executive are avoided by two devices: first, the doctrine of separation of powers prevents the legislature and the executive from enacting laws that unduly exercise what are judicial powers (see Ill. Const. 1970, art. II, §1; art. VI, §1; *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541); and second, when the legislature and the executive properly act within the scope of their powers and draft and execute statutes, the judicial branch, irrespective of whether there was any preexisting common law, may only interpret those statutes and may not amend them or disregard them. See *In re Estate of Swiecicki* (1985), 106 Ill. 2d 111, 477 N.E.2d 488.

These fundamental, and therefore, most critical principles set out in the paragraphs immediately above inescapably are part of the matrix in which the doctrine of intrastate *forum non conveniens* is embedded. Failure to examine the doctrine in light of fundamental principles of government, as well as failure to examine and explain the proper mechanical application of the doctrine, leads to error. For example, since the advent of intrastate *forum non conveniens*, some, erroneously, have viewed the doctrine as being, in effect, an amendment to the venue statute (Ill. Rev. Stat. 1989, ch. 110, par. 2—101), to be read so that situs of the incident becomes the most important factor. See, *e.g., Vinson v. Allstate* (1991), 144 Ill. 2d 306, 579 N.E.2d 857; *Carlberg v. Chrysler Motors Corp.* (1990), 199 Ill. App. 3d 127, 556 N.E.2d 1284, *appeal denied* (1990), 135 Ill. 2d 554, 564 N.E.2d 835.

Venue is the place where a case is to be tried and where jurors are to be provided. (Black's Law Dictionary 1396 (5th ed. 1979).) The venue statute, in fact, is a legislative declaration of the convenience of the forum. (See Ill. Ann. Stat., ch. 110, par. 2—101, Historical & Practice Notes, at 56-57 (Smith Hurd 1983), *quoting* Sunderland, *Observations on the Illinois Practice Act*, 28 Ill. L. Rev. 861, 863-64 (1934).) That this legislative declaration is the declaration of the people themselves, by virtue of our representative theory of government, is beyond doubt and needs neither citation nor argument to be sustained as a proposition.

The source of the venue statute having been shown, it is necessary to examine the source of *forum non conveniens*, for it, too, in order to be legitimate, must have a source, a doctrinal foundation

firmly placed upon some discrete, sound basis that exists in the common law. *Forum non conveniens* is not a doctrine of constitutional law; rather, it is a doctrine of equity (*Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 105, 554 N.E.2d 209, 211) that *limits* the application of a statute; that is to say, courts—irrespective of clear language within a statute—simply refuse to enforce that statute as it was written, but instead limit its scope, all in the name of "equity," which broadly means in the spirit of fairness, justness and right. See Black's Law Dictionary 484 (5th ed. 1979).

Courts, as a general rule, however, are reluctant to invoke equity to refuse to apply an act of the legislature, and this reluctance, insofar as it has found its way into the law of *forum non conveniens*, is expressed by allowing transfer to another forum *only* when relevant factors "strongly favor defendant" (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601), and that expression of reluctance is most necessary to avoid both judicial activism and judicial legislation, is most necessary to defer to the right of the people to make law through their legislature, and is most necessary to preserve and maintain a proper balance between the three separate branches of government. That proper balance, in cases involving intrastate transfer of a case on grounds of *forum non conveniens*, is maintained thusly: by the venue statute, the legislature of this State has codified convenience; by *forum non conveniens*, courts may deviate from the clear wording of that statute when certain factors "strongly favor" deviation, *i.e.*, when the spirit of fairness, justness and right impel a court to invoke its equitable powers to produce a result contrary to that which would be produced had the statute been followed. The source of the doctrine having been shown, we need next to examine the mechanics of its application.

We examine, then, the quantum of proof, *i.e.*, "strongly favors the defendant." What does this phrase mean? Certainly all must concede that this quantum of proof is more than a mere preponderance of evidence, because that quantum ordinarily is expressed as proof that makes a proposition "more probably true than not true" (*County of Menard v. Illinois State Labor Relations Board* (1988), 177 Ill. App. 3d 139, 531 N.E.2d 1080), or, as visualized by imagining a set of scales, proof that ever so slightly tilts those scales one way or the other. Similarly, all would concede that "strongly favors" is less than proof beyond a reasonable doubt, which, visualized by again imagining a set of scales, means proof that drives down one side of the balance to its lowest regions. Just how far

proof that "strongly favors" the defendant will tilt the scales is difficult to express. It is certain to our minds, however, that this proof is of such weight that it significantly and powerfully drives down one side of the balance so far that a rational court is able to say that plaintiff's choice of forum is "inconvenient," meaning, according to the United States Supreme Court, which is the genesis of the doctrine of *forum non conveniens*, that the choice of forum "vexes," "harasses," or "oppresses" defendant "by inflicting upon him expenses or trouble not necessary to [plaintiff's] right to pursue his remedy." (*Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508, 91 L. Ed. 1055, 1062, 67 S. Ct. 839, 842.) If the quantum of proof is viewed in this fashion, then it seems to us that a proper balance between the statute and the equitable doctrine will be maintained.

■ We turn, finally, to the mechanics of assessing the factors relevant to the decision to transfer a case under the equitable doctrine of *forum non conveniens*. For clarity's sake, we recollect those factors. They are: (1) the availability of an alternate forum; (2) the access to sources of proof; (3) the accessibility of witnesses; (4) the relative advantages and obstacles to obtaining a fair trial; (5) the congestion of court dockets; and (6) the convenience of the parties. *Torres*, 98 Ill. 2d at 351, 456 N.E.2d at 607.

That some believe, again erroneously, that these factors are to be put on a scale and measured against each other is quite evident. This belief is apparent from arguments that situs is the determinative factor, or that the doctrine of *forum non conveniens* is, in effect, an amendment to the venue statute, both of which this court has heard. These arguments are wrong, for if situs is the determinative factor, then the judicial branch of government, through *forum non conveniens*, would have struck the venue statute, not as being unconstitutional, but as being *bad law*. As to the latter argument, if *forum non conveniens* is an amendment to the venue statute, then the judicial branch would have acted, without constitutional foundation, as a super legislature. Both arguments are repugnant, and where they were born is anyone's guess, but the fact is that neither could have been intended by either the annunciation or the application of the doctrine, for the supreme court consistently, faithfully, and carefully has selected language that should have repelled such arguments, namely language that courts should defer to plaintiff's choice of forum and should transfer cases only where *all* of the factors to be considered in deciding *forum non conveniens* questions, not merely situs, strongly favor transfer.

To make it more evident that the *Torres* factors cannot be weighed against each other, we point out that if they were, the court then automatically would be excluding the venue statute from the balancing procedure; in which event, that court, unconsciously but erroneously, would be ignoring the statute, supplanting it with its own equitable doctrine. The only way, therefore, to properly recognize the act of the legislature is to weigh the *Torres* factors against the venue statute, *i.e.*, plaintiff's choice of forum, to which deference must be given. (*Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601; *Grachen v. Zarecki* (1990), 200 Ill. App. 3d 336, 558 N.E.2d 132.) On the other hand, we must be mindful that plaintiff's choice of forum is not absolute, for that would mean that *forum non conveniens* is a mere shell of a doctrine, having been robbed of all vitality.

These points immediately above, perhaps, may be more easily grasped if scales are visualized.

IMPROPER BALANCING

*Torres* Factors      *Torres* Factors

A

PROPER BALANCING

Plaintiff's Choice of Forum      *Torres* Factors

A

Where proper balancing is used, it is noted that the arrows indicating the *Torres* factors point both up and down, indicating that, in individual cases, some of the *Torres* factors may favor transfer, while others may favor retention of the case in the forum plaintiff chose. It should further be noted that when plaintiff's choice is not plaintiff's

home, it will weigh less in the balance than when the choice is plaintiff's home (*Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 108, 554 N.E.2d 209, 212), a concept indicated by the arrows that point both upward and downward on that side of the balance.

We next must be mindful that a reviewing court reviews according to an abuse of discretion standard. We are not engaging in *de novo* review, which is a type of review wherein the reviewing court arrives at its own independent judgment and decision based upon the record, rather than by examination of the record and review of the decision made by the circuit court: in *de novo* review, the reviewing court decides the question (see *Firestone Tire & Rubber Co. v. Bruch* (1989), 489 U.S. 101, 103 L. Ed. 2d 80, 109 S. Ct. 948; *New York Times Co. v. Sullivan* (1964), 376 U.S. 254, 285, 11 L. Ed. 2d 686, 709, 84 S. Ct. 710, 728-29; *Edwards v. South Carolina* (1963), 372 U.S. 229, 235, 9 L. Ed. 2d 697, 701-02, 83 S. Ct. 680, 683; *Pennekamp v. Florida* (1946), 328 U.S. 331, 335, 90 L. Ed. 1295, 1297, 66 S. Ct. 1029, 1031; see also *United States v. Brian N.* (10th Cir. 1990), 900 F.2d 218, 220; *Hannan v. Good Samaritan Hospital* (1970), 4 Or. App. 178, 187, 471 P.2d 831, 835); whereas, in traditional review, the circuit court decides the question and the reviewing court reviews that decision. Abuse of discretion being the standard by which the decision of the circuit court is reviewed, there necessarily is built into the system less uniformity than is otherwise possible if all discretion were removed. This lack of uniformity that always will exist where discretion is allowed not only must be recognized and acknowledged, but also tolerated—that is, it must be acknowledged and tolerated unless and until some policy-making body decides that absolute uniformity is so desirable that it decides to rob the circuit court of that discretion with which it presently is vested.

In the case at bar, the circuit court found that the factors enumerated in *Torres* did not strongly favor the defendants, and this court will not disturb that determination unless it was an abuse of discretion. (*Meyers v. Bridgeport Machines Division of Textron, Inc.* (1986), 113 Ill. 2d 112, 118, 497 N.E.2d 745, 747.) We, therefore, examine the factors the circuit court considered.

The circuit court found:

"1. That the Plaintiff is a resident of of [*sic*] Sandoval, Marion County, Illinois, and that Sandoval is approximately 45 miles from Belleville and 15 miles from Salem, the County seat of Marion County.

2. That the accident occurred in Sandoval, Marion County, Illinois, approximately 45 miles from Belleville and 15 miles from Salem, Illinois.

3. That the Defendant CSX listed potential fact witnesses from:

Indiana—5

Sandoval—2

East St. Louis—1

4. That there are other forums available.

5. That Plaintiff and Defense Counsel are in St. Clair County, Illinois.

6. That no one has suggested that a view of the premises is helpful.

7. That there has been no showing that Defendants cannot receive a fair trial in St. Clair County, Illinois.

8. That St. Clair County is readily accessible by road, air, and rail.

9. That any problems with commanding the attendance of witnesses will be the same in the alternative forum.

10. That the train involved in this accident was a 'through-freight' passing into and through St. Clair County, Illinois. As such, jurors of St. Clair County have an interest in protecting the inhabitants from negligent operation of such trains.

11. That Defendant Stookey is a resident of St. Clair County, Illinois."

Defendants argue that Stookey's residence should not have been considered as a relevant factor in striking the balance and rely on *Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 457 N.E.2d 417, wherein the court stated that decedent's special administrator's residence was of minimal significance, since the special administrator's residence had no relation to the litigation except as a nominal party. We see no evidence from the record that the circuit court erred in giving the residence of defendant's special administrator more weight than that to which it is entitled.

Had we struck the balance in this case, some of us might have decided this question differently than did the circuit court, while others might have come to the same result as did the circuit court; how we might have ruled is not controlling, however, for this is not *de novo* review. Upon examination of the record, we conclude that the circuit court did not abuse its discretion in deciding just how the balance was struck and came to rest in this particular case. Since we find no abuse

of discretion, we, therefore, affirm the circuit court's denial of defendants' motion to transfer on the grounds of *forum non conveniens*.

Affirmed.

LEWIS, J., concurs.

JUSTICE CHAPMAN, specially concurring:
The trial court's findings are supported by the record and do not constitute an abuse of discretion. (See *Boner v. Peabody Coal Co.* (1991), 142 Ill. 2d 523, 568 N.E.2d 883; *Torres v. Walsh* (1983), 98 Ill. 2d 338, 456 N.E.2d 601.) I concur in the result reached by the majority although I do not agree with all of the statements made in their opinion.