LAURIE OLSSON, Plaintiff-Appellant, v. GENERAL MOTORS CORPORATION *et al*., Defendants-Appellees.

Second District    No. 2—00—0223

Opinion filed January 9, 2001.

88

Norman H. Lehrer and Maureen Flaherty, both of Lehrer, Flaherty & Canavan, of Wheaton, for appellant.

Jerald M. Mangan and Colleen A. Sinson, both of Mangan, Langhenry, Gillen & Lundquist, of Wheaton, for appellees Bill Sullivan Pontiac, Inc., and First National Bank of Chicago.

JUSTICE GEIGER delivered the opinion of the court:

The plaintiff, Laurie Olsson, appeals from the January 27, 2000, order of the circuit court of Du Page County transferring her case to the circuit court of Cook County pursuant to the doctrine of *forum non conveniens*. On appeal, the plaintiff argues that the trial court abused its discretion in ordering the transfer. We affirm.

The facts relevant to this appeal are as follows. On December 4, 1998, the plaintiff filed suit in the circuit court of Du Page County against the defendants, General Motors Corporation (GM), Bill Sullivan Pontiac, Inc. (Sullivan Pontiac), and the First National Bank of Chicago (First National Bank). As subsequently amended, the complaint consisted of six counts and alleged causes of action for breach of express warranty, breach of implied warranty, revocation of acceptance, consumer fraud, rescission of retail installment contract, and loss of bailed goods.

The amended complaint alleged that the plaintiff purchased a new vehicle from Sullivan Pontiac on April 22, 1997. During the months of June 1997, August 1997, September 1997, and October 1997, the plaintiff brought her vehicle to Sullivan Pontiac for repair work under the vehicle's warranty. On June 22, 1998, the plaintiff again brought her vehicle to Sullivan Pontiac for additional repairs and/or warranty

work. While the vehicle was at Sullivan Pontiac on this occasion, there was a rainstorm. The amended complaint alleged that the vehicle was parked in an area prone to flooding and that, during the storm, the vehicle was damaged.

On July 1, 1999, Sullivan Pontiac filed a motion to transfer venue pursuant to the doctrine of *forum non conveniens*. In its motion, Sullivan Pontiac noted that all of the events alleged in the amended complaint occurred at its place of business in Arlington Heights, Cook County. Sullivan Pontiac also noted that the plaintiff was not a resident of Du Page County but instead resided in McHenry County. Accordingly, Sullivan Pontiac argued that, after considering the relevant private and public interest factors, the case had no practical connection to Du Page County and should be transferred to Cook County.

The motion was supported by the affidavit of Jeffrey Sullivan, the general manager of Sullivan Pontiac. In his affidavit, Jeffrey Sullivan indicated that Sullivan Pontiac's principal place of business is in Arlington Heights, Cook County, and that Sullivan Pontiac did not have an office or solicit business in Du Page County. Jeffrey Sullivan further indicated that the sale, financing, and subsequent repairs of the vehicle occurred at the dealership in Cook County and that the salesman, finance manager, and various mechanics who worked with the plaintiff remain employed by the dealership. Additionally, the alleged flooding of the vehicle also occurred at the dealership.

In a supplemental affidavit, Jeffrey Sullivan identified nine potential witnesses in the case. These individuals included the service manager, various mechanics who worked on the plaintiff's vehicle, the salesperson who sold the plaintiff the vehicle, and the finance manager who assisted the plaintiff in obtaining financing. None of these individuals resided in Du Page County.

GM and First National Bank subsequently filed notices of their intent to join in Sullivan Pontiac's motion to transfer venue pursuant to the doctrine of *forum non conveniens.*

In reply to the defendants' motion, the plaintiff argued that she had selected Du Page County as the venue to file the action and that her preference was entitled to considerable weight. The plaintiff also argued that the defendants had failed to offer any evidence demonstrating that they were substantially inconvenienced by the selected forum or that the relevant private and public factors favored transfer. Additionally, the plaintiff noted that GM had its regional headquarters in Naperville, Du Page County.

In support of her reply, the plaintiff attached excerpts from the depositions of Jeffrey Sullivan, Rhenea Cump, and Lonnie Greenwald. In his deposition, Jeffrey Sullivan testified that litigating the case in

Du Page County would be as convenient as litigating the case in downtown Chicago. He also testified as to his belief that downtown Chicago was farther from the dealership than Wheaton. Rhenea Cump and Lonnie Greenwald were managers who worked out of GM's regional headquarters in Naperville, Du Page County. Cump and Greenwald were identified by GM as the employees having the most involvement and knowledge in the case. Cump resided in Libertyville, Lake County, and Greenwald resided in Aurora, Du Page County. Greenwald testified that it was more convenient to travel to Wheaton than to downtown Chicago.

On January 27, 2000, following arguments of counsel, the trial court granted the defendants' motion and transferred the case to the circuit court of Cook County. The trial court found that the case did not have a strong connection to Du Page County. Although the trial court noted that the plaintiff had selected Du Page County as the venue, it did not give this selection significant deference because the plaintiff was not a resident of Du Page County. The trial court further noted that the dealership and many of the witnesses resided in Cook County. The trial court noted that the dealership was located only minutes away from the Rolling Meadows branch of the circuit court of Cook County and that, even if the case were assigned to downtown Chicago, the availability of public transportation made that location more convenient for the witnesses. Finally, the trial court did not believe that jurors in Du Page County should sit on a case that had no significant connection to the community.

On March 30, 2000, this court allowed the plaintiff's petition for leave to appeal pursuant to Supreme Court Rule 306(a)(2) (166 Ill. 2d R. 306(a)(2)).

On appeal, the plaintiff argues that the trial court abused its discretion in transferring the case to the circuit court of Cook County. The plaintiff argues that the trial court failed to give adequate deference to her selection of the forum and that the defendants failed to prove that the relevant private and public factors strongly favored transfer to Cook County.

■ The doctrine of *forum non conveniens* is an equitable doctrine that presupposes the existence of more than one forum with jurisdiction over the parties and the subject matter. *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 105 (1990). Under the doctrine, a court may decline to exercise jurisdiction over a case where it appears that there is another forum with jurisdiction over the parties in which the trial can be had more conveniently. *Carlberg v. Chrysler Motors Corp.*, 199 Ill. App. 3d 127, 130 (1990). The doctrine is not only applicable to cases involving other states but also may be applied to ef-

fectuate intrastate transfers between counties within Illinois. *Peile v. Skelgas, Inc.*, 163 Ill. 2d 323, 336 (1994). The trial court is vested with considerable discretion in its determination of whether transfer is warranted on the basis of *forum non conveniens* principles. The trial court's decision is subject to reversal only if the court abused its discretion. *Peile*, 163 Ill. 2d at 336.

■ The doctrine of *forum non conveniens* is a flexible one that requires the evaluation of the total circumstances rather than concentration on any single factor. *Peile*, 163 Ill. 2d at 336-37. The private interest factors to be considered may include the relative ease of access to sources of proof, the accessibility of witnesses, the possibility of a jury view of the premises if appropriate, and all other practical problems that make the trial of a case expeditious and inexpensive. *Washington v. Illinois Power Co.*, 144 Ill. 2d 395, 399 (1991). The public interest considerations include having localized controversies being decided in a local forum, administrative concerns, including the congestion of court dockets, and the imposition of jury duty upon residents of a county with little connection to the litigation. *Griffith*, 136 Ill. 2d at 106.

■ A further consideration under the *forum non conveniens* doctrine is deference to the plaintiff's choice of forum. *Peile*, 163 Ill. 2d at 337. A plaintiff's right to select the forum is a substantial one, and unless the factors weigh strongly in favor of transfer, the plaintiff's choice of forum should rarely be disturbed. *Peile*, 163 Ill. 2d at 337. However, the plaintiff's choice of forum is entitled to less deference where the situs of the injury is not located in the chosen forum and the plaintiff is not a resident of the chosen forum. *Peile*, 163 Ill. 2d at 337-38.

■ Turning to the instant case, the private interest factors tend to favor Cook County as the more convenient forum. Most of the evidence relevant to this case is located in Cook County. The dealership facilities and the allegedly flood-prone property are located in Cook County, as are the relevant repair and warranty records. Moreover, almost all of the relevant witnesses in this case are employees of Sullivan Pontiac who work at its dealership in Cook County. Most of these individuals live in either northern Cook County or Lake County. Although requiring these witnesses to travel to the Du Page County courthouse in Wheaton would not cause great inconvenience (see *Griffith*, 136 Ill. 2d at 113), the availability of public transportation to downtown Chicago makes travel to the Cook County courthouse easier. Additionally, the possibility exists that the matter might be transferred to the Rolling Meadows branch of the circuit court of Cook County, which is near Sullivan Pontiac's location in Arlington Heights.

The plaintiff argues that Du Page County would be a more convenient location for the two GM employees who are based out of GM's regional headquarters in Naperville, Du Page County. However, an examination of the deposition testimony of GM employees Cump and Greenwald demonstrates that they rarely work in GM's Naperville office. Cump testified that her work regularly requires her to travel to car dealerships in northern Cook County and Lake County and that she most often works out of her home in Libertyville, Lake County. Greenwald also testified that he rarely works at the Naperville office and that he regularly travels to car dealerships in northern Cook County. Based upon such testimony, a trial in Du Page County would not necessarily be more convenient for these witnesses.

The relevant public interest factors even more strongly favor transfer of the case to Cook County. The plaintiff's complaint arises from the sale of an automobile that took place in Cook County. All of the alleged repairs and damage to the vehicle also took place at the same location. The only connection that this case has to Du Page County is the fact that GM and First National Bank maintain offices and do business there. Although this fact may be of relevance in establishing jurisdiction and venue in Du Page County, the fact that GM and First National Bank transact other business in Du Page County is not an important factor in weighing the *forum non conveniens* motion. *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 226 (1987); *Carlberg*, 199 Ill. App. 3d at 132.

We therefore agree with the trial court that Du Page County lacks a strong connection with this litigation. Because a strong connection is lacking, the public interest does not favor requiring Du Page County and its community to provide a forum for the plaintiff's case. *Carlberg*, 199 Ill. App. 3d at 132. Although the relative congestion of the Cook County docket compared to that in Du Page County is a factor worthy of consideration, this factor alone is not sufficient to justify burdening Du Page County with a lawsuit in which it has no interest. *Carlberg*, 199 Ill. App. 3d at 132.

Throughout her brief, the plaintiff repeatedly asserts that the transfer is not appropriate in the instant case because she selected Du Page County as the venue to bring her action. We would agree with the plaintiff if either the situs of her injury were in Du Page County or if she were a resident of Du Page County. However, as this was not the case, her selection of the forum is entitled to less deference. *Peile*, 163 Ill. 2d at 337-38.

The plaintiff also objects to the trial court's reliance on *Carlberg v. Chrysler Motors Corp.*, 199 Ill. App. 3d 127 (1990), in reaching its decision. *Carlberg* involved two consolidated cases that were originally

filed in Du Page County. Similar to the instant case, the cases in *Carlberg* involved claims for breach of warranty and revocation of acceptance relating to vehicles that had been purchased from dealerships in Cook County. In both cases, the named defendants were the dealership, the automobile manufacturer, and the financing entity. *Carlberg*, 199 Ill. App. 3d at 129. Although the plaintiffs were not residents of Du Page County, both the manufacturer and the financing entities maintained offices in Du Page County. *Carlberg*, 199 Ill. App. 3d at 129-30.

On review, this court held that the relevant factors strongly favored a transfer of the case to Cook County and that the trial court erred in denying the defendants' motions to transfer. *Carlberg*, 199 Ill. App. 3d at 132-33. Because the record was silent as to the location of possible witnesses and records, we found that the private interest factors did not favor one forum over the other. However, we noted that the relevant public interest factors favored a transfer to Cook County because the sale of the cars occurred in Cook County. *Carlberg*, 199 Ill. App. 3d at 131-33. We noted that the litigation was unrelated to the manufacturers' and financing entities' offices in Du Page County and that Du Page County therefore lacked any relevant or practical connection with the litigation. *Carlberg*, 199 Ill. App. 3d at 132. We also held that the plaintiffs' selection of the forum was entitled to less deference because they were not residents of Du Page County. *Carlberg*, 199 Ill. App. 3d at 133.

The plaintiff argues that this court's *forum non conveniens* analysis in *Carlberg* placed undue emphasis upon the situs of the incident. The plaintiff asserts that, in doing so, we ignored the defendant's burden of proof to demonstrate that the balance of the relevant factors strongly favored transfer (see *Peile*, 163 Ill. 2d at 345). However, a careful reading of *Carlberg* demonstrates that the plaintiff's criticism is unfounded. As detailed above, this court thoroughly discussed all of the relevant factors and concluded that the balance of these factors strongly favored transfer of the case to Cook County. *Carlberg*, 199 Ill. App. 3d at 133. Although the situs of the plaintiffs' injuries was certainly an important factor in our decision, we note that the situs of the injury will always have a direct bearing on many of the factors to be considered in a *forum non conveniens* analysis. We therefore find no error in the trial court's reliance upon *Carlberg* in reaching its decision in the instant case.

After reviewing the relevant factors in their totality, we agree that they strongly favor transfer of this case to Cook County. Accordingly, we therefore conclude that the defendants have sustained their burden and that the trial court did not abuse its discretion in granting the motion to transfer.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and HUTCHINSON, JJ., concur.